# COURT OF APPEALS OF WISCONSIN
# PUBLISHED OPINION

Case No.:          2019AP1272-CR

†Petition for Review filed

Complete Title of Case:

STATE OF WISCONSIN,

PLAINTIFF-APPELLANT,

V.

JORDAN ALEXANDER LICKES,

DEFENDANT-RESPONDENT.†

| | |
|---|---|
| Opinion Filed: | August 20, 2020 |
| Submitted on Briefs: | January 22, 2020 |

| | |
|---|---|
| JUDGES: | Fitzpatrick, P.J., Blanchard, and Nashold, JJ. |

| | |
|---|---|
| Appellant ATTORNEYS: | On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Scott E. Rosenow*, assistant attorney general, and *Joshua L. Kaul*, attorney general. |
| Respondent ATTORNEYS: | On behalf of the defendant-respondent, the cause was submitted on the brief of *Catherine E. White* and *Marcus J. Berghahn* of *Hurley Burish, S.C.*, Madison. |

**COURT OF APPEALS
DECISION
DATED AND FILED**

**August 20, 2020**

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2019AP1272-CR**

Cir. Ct. No. **2012CF64**

STATE OF WISCONSIN

**IN COURT OF APPEALS**

STATE OF WISCONSIN,

    PLAINTIFF-APPELLANT,

  V.

JORDAN ALEXANDER LICKES,

    DEFENDANT-RESPONDENT.

        APPEAL from an order of the circuit court for Green County: JAMES R. BEER, Judge. *Reversed.*

        Before Fitzpatrick, P.J., Blanchard, and Nashold, JJ.

        ¶1    NASHOLD, J.  The State appeals a circuit court order expunging three of Jordan Lickes' convictions. The State argues that, because Lickes had not

"satisfied the conditions of [his] probation," he was not entitled to expungement under WIS. STAT. § 973.015[1] and *State v. Ozuna*, 2017 WI 64, ¶¶12-13, 376 Wis. 2d 1, 898 N.W.2d 20. Lickes argues that he has satisfied his "conditions of probation" and that, once the circuit court received a certificate of discharge from the Department of Corrections ("DOC"), expungement was self-executing under *State v. Hemp*, 2014 WI 129, 359 Wis. 2d 320, 856 N.W.2d 811. We agree with the State and reverse the circuit court's order.

## BACKGROUND

¶2 The material facts are undisputed. On April 17, 2012, then 19-year-old Jordan Lickes had sexual intercourse with a 16-year-old girl. An amended information charged Lickes with four counts based on this incident: Count 1, fourth-degree sexual assault; Count 2, sexual intercourse with a child age 16 or older; Count 3, disorderly conduct; and Count 4, exposing genitals or pubic area (2009-10 Stats.). Lickes pled guilty to Count 2, and no contest to the other three counts.

¶3 In January 2014, Lickes was sentenced as follows: on Counts 1 and 3, the court withheld sentence and imposed concurrent 24-month terms of probation; on Count 2, the court sentenced Lickes to 90 days in jail, with Huber privileges; and on Count 4, the court imposed and stayed a three-year sentence, with one year of initial confinement and two years of extended supervision, and placed Lickes on probation for three years. The court then set a number of "terms

---

[1] All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

and conditions of probation," including that Lickes "enter into, participate [in] and successfully complete" sex offender treatment on all three counts for which he was placed on probation, Counts 1, 3, and 4. The court ordered that, if Lickes successfully completed probation, his convictions on Counts 1, 3, and 4 would be expunged pursuant to WIS. STAT. § 973.015.

¶4     In October 2015, the circuit court received a document from Lickes' probation agent reading, in pertinent part:

> Mr. Lickes has violated his probation multiple times. Mr. Lickes has had unapproved sexual contact, has given his agent false information, and has been terminated from Sex Offender Treatment. At this time the Department of Corrections respectfully requests 45 days conditional jail time be added to the Judgment of Conviction ... and imposed upon Mr. Lickes. This is to be part of an [Alternative To Revocation] that includes returning to Sex Offender Treatment.

¶5     On the back of the same document, Lickes signed a statement admitting that he had "violated the rules and conditions of probation as described on the front," and agreeing to accept the 45 days of jail time requested by DOC. Accepting the agreement of the parties, the circuit court ordered Lickes to serve 45 days in jail, with Huber privileges for employment and treatment.

¶6     Lickes' probationary period on Counts 1 and 3 ended on January 23, 2016. In July 2016, Lickes filed a letter with the circuit court clerk, requesting expungement on Counts 1 and 3.

¶7     In September 2016, Lickes' probation agent filed a form with the circuit court, titled "Verification of Satisfaction of Probation Conditions For Expungement," related to Counts 1 and 3 (hereinafter, "the 2016 discharge form"). The form listed various statements with accompanying checkboxes for the

3

probation agent to check. In pertinent part, the agent checked boxes indicating that: (1) "The offender has successfully completed his/her probation"; (2) "The offender has not been convicted of a subsequent offense"; and (3) "All court ordered conditions have **not** been met.... [Lickes] is still currently participating in sex offender treatment and is expected to complete [treatment] in January 2017." Lickes' probationary period for Count 4 ended on January 23, 2017.

¶8    In July 2018, Lickes' probation agent filed another form, this one related to Count 4. The form was titled "Certificate of Discharge and Satisfaction of Probation Conditions for Expungement" (hereinafter, "the 2018 certificate of discharge") and also had statements with accompanying checkboxes. Germane to this appeal, the probation agent checked boxes indicating: (1) "The offender has successfully completed his/her probation"; and (2) "All court ordered conditions have been met."

¶9    In January 2019, the State filed a brief in the circuit court opposing expungement on the ground that Lickes had not successfully completed his sentence under WIS. STAT. § 973.015(1m) because he had not "satisfied the conditions of probation" as required by § 973.015(1m) and *Ozuna*, 376 Wis. 2d 1. In support of its position, the State relied on the October 2015 document in which Lickes admitted violating what that document referred to as "rules and conditions of probation," set forth above in paragraph 4. The State argued that "conditions of probation" as used in § 973.015(1m) and *Ozuna* includes DOC rules of probation. Therefore, according to the State, Lickes had not satisfied the conditions of probation, and was consequently not entitled to expungement on any of the three counts for which he was placed on probation.

¶10     In response, Lickes argued that ***Ozuna*** did not bar expungement of the three counts because, unlike the defendant in ***Ozuna***, Lickes complied with all court-ordered conditions of probation, and ***Ozuna*** should not be extended to bar expungement for DOC rule violations.  Lickes further argued that, once the circuit court received the 2018 certificate of discharge from DOC, expungement was self-executing under ***Hemp***, 359 Wis. 2d 320.

¶11     The circuit court held a hearing, at which it granted expungement on Counts 1 and 3.  In granting expungement on these counts, the court appears to have relied primarily on the fact that Lickes' letter requesting expungement was filed in July 2016, prior to the supreme court's decision in ***Ozuna***.[2]

¶12     The court ordered additional briefing with respect to Count 4.  Following supplemental briefing and an additional hearing, the court granted expungement on Count 4, concluding that ***Ozuna*** did not address Lickes' situation

---

[2] With regard to the court's comments that ***State v. Ozuna***, 2017 WI 64, 376 Wis. 2d 1, 898 N.W.2d 20, was issued after Lickes' July 2016 request for expungement on Counts 1 and 3, we note that both the State and Lickes construe the court's statements as an application of the nonretroactivity doctrine.  *See **State v. Lagundoye***, 2004 WI 4, ¶13, 268 Wis. 2d 77, 674 N.W.2d 526 ("[A] new rule of criminal procedure generally cannot be applied retroactively to cases that were final before the rule's issuance under the federal nonretroactivity doctrine announced by the Supreme Court ....").  However, because Lickes refers to this issue only in a footnote and does not develop it, we need not consider this argument.  *See **State v. Pettit***, 171 Wis. 2d 627, 646-47, 492 N.W.2d 633 (Ct. App. 1992) (declining to address undeveloped arguments).  Further, to the extent the circuit court meant to base its decision on the nonretroactivity doctrine, we reject that rationale because we do not construe ***Ozuna*** to have announced a "new rule" as required for application of the nonretroactivity doctrine.  *See **Lagundoye***, 268 Wis. 2d 77, ¶13.  Instead, we agree with the State that the ***Ozuna*** court merely applied the general rule from the expungement statute and ***State v. Hemp***, 2014 WI 129, 359 Wis. 2d 320, 856 N.W.2d 811, to the specific facts before it.  *See **Ozuna***, 376 Wis. 2d 1, ¶15 ("This conclusion is not in conflict with our holding in ***Hemp***.").

and declining to extend *Ozuna*'s holding.[3]  The circuit court entered a written order expunging Lickes' convictions on Counts 1, 3, and 4.  This appeal follows.

## DISCUSSION

¶13  The sole issue on appeal is whether the circuit court erred in expunging Lickes' three convictions under WIS. STAT. § 973.015(1m).  The State argues that Lickes was not entitled to expungement because he did not "satisf[y] the conditions of probation" as required by § 973.015(1m)(b) and *Ozuna*.  With respect to Counts 1 and 3, the State contends that Lickes failed to comply with the court-ordered condition of probation that he complete sex offender treatment.  Further, with respect to all three counts, the State argues that because, by his own admission in 2015, Lickes violated DOC probation rules, he did not satisfy the required conditions of probation.

¶14  Lickes does not dispute that he violated DOC rules of probation.  Instead, he counters that "conditions of probation" within the meaning of WIS. STAT. § 973.015(1m)(b) does not encompass DOC rules and, instead, means only those conditions explicitly ordered by the circuit court.  Therefore, his argument proceeds, admitted violations of those rules do not preclude expungement.  In the alternative, Lickes argues that, if this court concludes that the phrase "conditions of probation" encompasses DOC probation rules, then circuit courts should be given discretion to determine whether the violations of those rules should preclude

---

[3] The State references other comments the circuit court made in reaching its determinations on expungement, such as those regarding the persuasive value of the dissent in *Ozuna*, and a "bipartisan bill" then pending in the state legislature that proposed expanding expungement opportunities.  We do not view the court's comments as significant to our expungement determinations and therefore do not address them.

a defendant from expungement. Lickes further argues that, under the "self-executing" expungement process explained in *Hemp*, when the circuit court received the 2018 certificate of discharge, the court was required to expunge his record on the three counts for which he was placed on probation, Counts 1, 3, and 4.

¶15 For the reasons that follow, we agree with the State. After setting forth the applicable legal standards, we explain why we conclude that Lickes failed to comply with court-ordered conditions of probation with respect to Counts 1 and 3, resolving the issues on those counts. We next resolve the issue as to Count 4 in favor of the State based on our conclusion about the meaning of "conditions of probation" as used in WIS. STAT. § 973.015(1m)(b). Finally, we turn to the arguments of the parties regarding the nature of the process for expungement as explained in *Hemp* and *Ozuna*.

*I. Standard of Review and Principles of Statutory Interpretation*

¶16 This case requires us to interpret and apply WIS. STAT. § 973.015(1m), the expungement statute, to a set of undisputed facts. We review the interpretation and application of this statute de novo. *Ozuna*, 376 Wis. 2d 1, ¶9; *Hemp*, 359 Wis. 2d 320, ¶12.

¶17 "[T]he purpose of statutory interpretation is to determine what the statute means so that it may be given its full, proper, and intended effect." *State ex rel. Kalal v. Circuit Court for Dane Cty.*, 2004 WI 58, ¶44, 271 Wis. 2d 633, 681 N.W.2d 110. Ascertaining the meaning of the statute begins with the language of the statute. *Id.*, ¶45. "Statutory language is given its common, ordinary, and accepted meaning, except that technical or specially-defined words or phrases are given their technical or special definitional meaning." *Id.*

7

¶18    "Context is important to meaning.… Therefore, statutory language is interpreted in the context in which it is used; not in isolation but as part of a whole; in relation to the language of surrounding or closely-related statutes; and reasonably, to avoid absurd or unreasonable results." *Id.*, ¶46. "Statutory language is read where possible to give reasonable effect to every word, in order to avoid surplusage." *Id.* If this process of statutory interpretation yields a plain, clear statutory meaning, then the statute is unambiguous, and we apply its plain meaning. *Id.* If, after conducting this analysis, we conclude that the text is "capable of being understood by reasonably well-informed persons in two or more senses," then the statute is ambiguous, and we may consult sources outside of the statutory text to resolve the ambiguity. *See id.*, ¶¶47, 51.

## II. Overview of the Expungement Statute

¶19    When a circuit court sentences a defendant, the court may order that the record of certain criminal offenses, committed before the defendant was 25 years old, "be expunged upon successful completion of the sentence." WIS. STAT. § 973.015(1m)(a)1.; *see also* **Ozuna**, 376 Wis. 2d 1, ¶¶11-12. Pursuant to § 973.015(1m)(a)1., a defendant's "successful completion of the sentence" has three requirements: "'[1] the person has not been convicted of a subsequent offense and, if on probation, [2] the probation has not been revoked and [3] *the probationer has satisfied the conditions of probation.*'" **Ozuna**, 376 Wis. 2d 1, ¶12 (quoting § 973.015(1m)(b) (alterations in original)).

¶20    Upon successful completion of the sentence, the probationary authority must send a "certificate of discharge" to the court of record. *See* **Hemp**, 359 Wis. 2d 320, ¶25; *see also* WIS. STAT. § 973.015(1m)(b); WIS. STAT. § 973.09(5) (listing DOC obligations at end of probationary period). The circuit

8

court's receipt of the certificate automatically effectuates the expungement, provided that the record shows that the probationer "meets all of the statutory criteria for the 'successful completion of the sentence.'"  *See Ozuna*, 376 Wis. 2d 1, ¶¶14, 16-20, 25.

### III.  Counts 1 and 3:  Violation of Court-Ordered Conditions of Probation

¶21  As set forth above, expungement may be granted only "upon successful completion of the sentence," which requires that a probationer "satisf[y] the conditions of probation."  WIS. STAT. § 973.015(1m); *see also Ozuna*, 376 Wis. 2d 1, ¶12.  Although, as discussed in more detail below, the parties dispute whether the phrase "conditions of probation" includes DOC probation rules, neither party disputes that "conditions of probation" includes, at a minimum, those conditions expressly ordered by the sentencing court.  With respect to Counts 1 and 3, the State argues that the circuit court erred in granting expungement because Lickes violated a condition of probation expressly ordered by the court, namely, that he complete sex offender treatment.  As stated, in placing Lickes on probation for Counts 1, 3, and 4, the court ordered:  "You will enter into, participate [in] and successfully complete sex offender treatment …."  It is undisputed that Lickes failed to complete sex offender treatment by the end of his two-year concurrent probationary terms for Counts 1 and 3.  Lickes' probation on Counts 1 and 3 ended on January 23, 2016.  In DOC's September 2016 discharge form for Counts 1 and 3, Lickes' probation agent noted:  "All court ordered conditions have **not** been met....  [Lickes] is still currently participating in

9

sex offender treatment and is expected to complete [treatment] in January 2017."[4] Lickes' probationary period for Count 4 ended on January 23, 2017.

¶22    Lickes does not specifically address the State's argument related to Counts 1 and 3. Instead, he appears to assume that, because he subsequently completed sex offender treatment as shown in the July 2018 certificate of discharge for Count 4, this suffices to comply with the court-imposed condition that he complete sex offender treatment with respect to Counts 1 and 3. Based on this assumption, he argues that the July 2018 certificate of discharge entitled him to expungement on all three counts. We disagree. The circuit court's probation condition requiring Lickes to "complete" sex offender treatment for Counts 1 and 3 cannot reasonably be construed to mean that Lickes was permitted to complete the treatment *after* his probationary period ended for those counts. Because Lickes did not complete sex offender treatment within the two-year probationary period for Counts 1 and 3, he did not satisfy a court-ordered condition of probation. As a result, Lickes did not successfully complete his sentence as required by the expungement statute and was therefore not entitled to expungement on Counts 1 and 3. *See* WIS. STAT. § 973.015(1m)(a)1.; ***Ozuna***, 376 Wis. 2d 1, ¶12.

---

[4] The record does not show exactly when Lickes completed the court-ordered sex offender treatment. Rather, it shows only that the treatment was completed somewhere between September 6, 2016, the date of the 2016 discharge form, and July 16, 2018, the filing date of the 2018 certificate of discharge stating that Lickes had complied with all court-ordered conditions and had successfully completed probation.

*IV. Count 4: "Conditions of Probation"*

¶23    We now turn to the dispute between the parties regarding the scope of the phrase "conditions of probation" as used in WIS. STAT. § 973.015(1m)(b) and its application to the requested expungement of Count 4. The State argues that "conditions of probation" encompasses both court-imposed conditions and DOC-imposed conditions in the form of rules of probation. Because Lickes violated DOC probation rules, the State argues, he is not entitled to expungement. Lickes contends that the phrase "conditions of probation" refers to only court-imposed conditions, that he satisfied those conditions, and that he is therefore entitled to expungement on Count 4. For reasons we now explain, we agree with the State's interpretation.

*A. Language of the Statute*

¶24    We begin with the language of the statute. *See **Kalal***, 271 Wis. 2d 633, ¶45. As discussed, one of the requirements for expungement is "successful completion of the sentence." *See **Ozuna***, 376 Wis. 2d 1, ¶14 (citing WIS. STAT. § 973.015(1m)(b)). The expungement statute provides a definition for "successful completion of the sentence," which requires, among other things, "satisf[ying] the conditions of probation":

> A person has successfully completed the sentence if the person has not been convicted of a subsequent offense and, if on probation, the probation has not been revoked and the probationer has *satisfied the conditions of probation*. Upon successful completion of the sentence the detaining or probationary authority shall issue a certificate of discharge which shall be forwarded to the court of record and which shall have the effect of expunging the record.

WIS. STAT. § 973.015(1m)(b) (emphasis added).

¶25 The phrase "conditions of probation" is not defined in either WIS. STAT. ch. 973, in which the expungement statute appears, or in WIS. STAT. § 967.02, which contains definitions of words and phrases for WIS. STAT. chs. 967 to 979. We also note that neither party argues that the phrase "conditions of probation" in the expungement statute is ambiguous. Instead, each party appears to suggest that the plain language of the statute supports its own interpretation of the expungement statute and argues that the other party's interpretation impermissibly adds words to the statute. *See **State v. Simmelink***, 2014 WI App 102, ¶11, 357 Wis. 2d 430, 855 N.W.2d 437 (a court "'should not read into [a] statute language that the legislature did not put in'" (quoted source omitted)).

¶26 For its part, the State contends that Lickes' interpretation of "conditions of probation" as including only court-imposed conditions improperly changes the phrase "conditions of probation" into something along the lines of "conditions of probation expressly mentioned by the court." Lickes' rejoinder is that it is the State that is reading words into the statute by effectively changing the statutory language from "conditions of probation" into "conditions and rules and regulations of probation." However, in response to Lickes' contention, the State argues that its view does not insert the words "rules and regulations" into the expungement statute but, instead, simply interprets the phrase "conditions of probation" to include DOC probation rules along with the conditions of probation expressly mentioned by a sentencing court. As the parties' dispute on this point shows, the fundamental question here is whether the phrase "conditions of probation" in the expungement statute includes DOC probation rules. Based on our discussion below, we conclude that it does.

*B. Closely Related Statutes*

¶27 "[S]tatutory language is interpreted in the context in which it is used; not in isolation but as part of a whole; in relation to the language of surrounding or closely-related statutes ...." *Kalal*, 271 Wis. 2d 633, ¶46. We agree with the State that its interpretation of the expungement statute is supported by closely related statutes.

¶28 As noted by the State, WIS. STAT. § 973.10(2), which appears in the same chapter as the expungement statute, uses the same phrase, "conditions of probation," used in the expungement statute, WIS. STAT. § 973.015(1m). Section 973.10(2) provides that, "[i]f a probationer violates the *conditions of probation*, the department of corrections may initiate a [probation revocation] proceeding" (emphasis added). The State argues, and Lickes does not dispute, that the phrase "conditions of probation" in § 973.10(2) has never been interpreted to include only conditions that have been expressly set by a court. To the contrary, although § 973.10(2) makes no specific reference to DOC rules, this court has held that a probationer's violation of either a court-imposed condition or a DOC-imposed rule may lead to revocation. *See, e.g.*, *State ex rel. Rupinski v. Smith*, 2007 WI App 4, ¶20, 297 Wis. 2d 749, 728 N.W.2d 1 (2006). Therefore, the State contends, "conditions of probation," as used in § 973.10(2), means both court-imposed conditions and DOC-imposed rules. This is significant to our interpretation of § 973.015(1m) because "'[w]hen the same term is used throughout a chapter of the statutes, it is a reasonable deduction that the legislature intended that the term possess an identical meaning each time it appears.'" *See Winebow, Inc. v. Capitol-Husting Co.*, 2018 WI 60, ¶29, 381 Wis. 2d 732, 914 N.W.2d 631 (quoting *Bank Mut. v. S.J. Boyer Constr., Inc.*, 2010 WI 74, ¶31, 326 Wis. 2d 521, 785 N.W.2d 462).

13

¶29    Lickes agrees with the State that a rule violation can lead to revocation. However, Lickes appears to argue that, because the State does not cite a case that explicitly interprets the phrase "conditions of probation" in WIS. STAT. § 973.10(2) as including DOC probation rules, the State's interpretation of § 973.10(2) should be rejected.

¶30    We agree with the State, however, that, when a court upholds a decision revoking probation due to a violation of a DOC probation rule, it necessarily relies on WIS. STAT. § 973.10(2) as the source of the court's authority for the revocation because that is the statutory provision authorizing probation revocation proceedings. Notably, as the State points out, Lickes has not explained what other statute might authorize probation revocation proceedings. Thus, we conclude that "conditions of probation" as used in § 973.10(2) encompasses both court-imposed conditions and DOC-imposed rules of probation. This weighs in favor of giving the same meaning to "conditions of probation" as used in WIS. STAT. § 973.015(1m)(b). *See Winebow*, 381 Wis. 2d 732, ¶29.

¶31    Although not cited by the parties, we further note that WIS. STAT. § 973.09(3)(d) likewise supports the State's interpretation of "conditions of probation" to include rules and conditions set by DOC. Section 973.09(3)(d) states that "[t]he court may modify a person's period of probation and discharge the person from probation" if certain delineated criteria are met. Included in the criteria are that "[t]he probationer has satisfied all conditions of probation that were set by the sentencing court," § 973.09(3)(d)3., and that "[t]he probationer has satisfied all rules and conditions of probation that were set by the department [of corrections]," § 973.09(3)(d)4. Because the phrase "conditions of probation" in § 973.09(3)(d) is used to refer to both conditions imposed by a court and to those

conditions imposed by DOC, this is another ground for interpreting "conditions of probation" similarly in the expungement statute.

¶32 Based on the foregoing, we conclude that the State's interpretation of the expungement statute is supported by the "language of surrounding or closely-related statutes." *See* ***Kalal***, 271 Wis. 2d 633, ¶46.[5] Accordingly, the circuit court erred in ordering expungement on Count 4.[6]

*C. Rule of Lenity*

¶33 Lickes also contends that, if there is any doubt about the legislature's intent, the rule of lenity requires that we resolve the doubt in his favor. "The rule of lenity provides that when doubt exists as to the meaning of a criminal statute, 'a court should apply the rule of lenity and interpret the statute in favor of the

---

[5] The parties also rely on WIS. STAT. § 973.10(1) for their respective interpretations of the expungement statute. This provision states that a court's imposition of probation "shall subject the defendant to the control of [DOC] under conditions set by the court and rules and regulations established by [DOC]." Sec. 973.10(1). We are not persuaded that § 973.10(1) clearly supports either party's position, particularly given that, unlike WIS. STAT. §§ 973.10(2) and 973.09(3)(d), this statute (§ 973.10(1)) does not contain the exact phrase "conditions of probation."

In addition, the State argues that Lickes' interpretation of WIS. STAT. § 973.015(1m) leads to unreasonable results. Because the State prevails on other grounds, we need not address this argument. *See* ***Barrows v. American Family Ins. Co.***, 2014 WI App 11, ¶9, 352 Wis. 2d 436, 842 N.W.2d 508 (2013) ("An appellate court need not address every issue raised by the parties when one issue is dispositive.").

[6] We recognize that, with respect to Counts 1 and 3, the State made two alternative arguments as to why Lickes was not entitled to expungement, i.e., because he violated both court-imposed and DOC-imposed "conditions of probation." Because we have concluded that Lickes' violation of a court-ordered probation condition is dispositive of the expungement issue with respect to Counts 1 and 3, we need not decide whether expungement was also precluded on Counts 1 and 3 due to Lickes' violation of DOC probation rules. *See* ***Barrows***, 352 Wis. 2d 436, ¶9. Nevertheless, we observe that the same reasoning that we apply to Count 4 would equally apply to Counts 1 and 3.

accused.'" ***State v. Guarnero***, 2015 WI 72, ¶26, 363 Wis. 2d 857, 867 N.W.2d 400 (quoted source omitted). "Application of the rule of lenity ensures that criminal statutes will provide fair warning concerning conduct rendered illegal and strikes the appropriate balance between the legislature, the prosecutor, and the court in defining criminal liability." ***Liparota v. United States***, 471 U.S. 419, 427 (1985).

¶34 We conclude that the rule of lenity is inapplicable to the issue here. First, as noted by the State, it is questionable whether the rule of lenity applies to interpretation of the expungement statute because this statute does not define any conduct as criminal. Further, even if the expungement statute were the type of criminal statute that is subject to the rule of lenity, the rule is limited to instances in which "a 'grievous ambiguity' remains after a court has determined the statute's meaning by considering statutory language, context, structure and purpose, such that the court must 'simply guess' at the meaning of the statute." *See* ***Guarnero***, 363 Wis. 2d 857, ¶27 (quoted source omitted). Based on the statutory analysis conducted above, we conclude that there is no "grievous ambiguity" and that we are doing more than "simply guess[ing]" at the meaning of the statute. As such, the rule of lenity is inapplicable here.

## *V. Exercise of Discretion*

¶35 Lickes argues that, even if this court determines that "conditions of probation" includes DOC-imposed probation rules, we should conclude that circuit courts have discretion to determine whether a DOC-imposed rule violation warrants denial of expungement. Lickes contends that a bright-line rule prohibiting expungement upon proof of a violation of even the most minor DOC rule would run contrary to the legislative purpose of the expungement statute,

which is "to provide 'a break to young offenders who demonstrate the ability to comply with the law.'" *Ozuna*, 376 Wis. 2d 1, ¶11 (quoting *Hemp*, 359 Wis. 2d 320, ¶20). According to Lickes, this court should review the circuit court's decision for an erroneous exercise of discretion, the same standard used for reviewing a circuit court's initial decision made at sentencing to qualify a defendant for expungement. *See State v. Helmbrecht*, 2017 WI App 5, ¶8, 373 Wis. 2d 203, 891 N.W.2d 412 (2016).

¶36    However, as Lickes himself acknowledges, and as set forth in the standard of review described above, application of the expungement statute to undisputed facts presents a question of law, which this court reviews de novo. *See Ozuna*, 376 Wis. 2d 1, ¶9; *Hemp*, 359 Wis. 2d 320, ¶12. And as *Ozuna* makes clear, a sentencing court may deem a defendant qualified for expungement only if the requirements of the expungement statute are met. *See* WIS. STAT. § 973.015(1m); *Ozuna*, 376 Wis. 2d 1, ¶15. As stated above, expungement may occur only "upon successful completion of the sentence," which has three requirements. *See* § 973.015(1m). Included in these requirements is that a probationer has "satisfied the conditions of probation." *See* § 973.015(1m)(b); *Ozuna*, 376 Wis. 2d 1, ¶15 ("[S]atisfaction of the conditions of probation is an indispensable prerequisite to a defendant's entitlement to expungement."). Because we interpret "conditions of probation" in the expungement statute to include DOC rules, and because the record indisputably shows that Lickes violated DOC probation rules, the circuit court was without discretion to expunge Lickes' criminal record. Said otherwise, the legislature could have left this decision to the circuit court's discretion but, instead, it has established clear objective standards

that leave no room for the court's exercise of discretion at that stage of the process.[7]

## VI. *"Self-Executing" Expungement Process*

¶37    Lickes also argues that, pursuant to **Hemp**, the circuit court's receipt of the 2018 certificate of discharge—which indicated that Lickes had "successfully completed his/her probation" and that "court ordered conditions have been met"— automatically entitled Lickes to expungement on all three counts, notwithstanding his admitted violations of DOC-imposed rules.  For the reasons that follow, we conclude that the 2018 certificate of discharge does not entitle Lickes to expungement on any count.

¶38    As stated, WIS. STAT. § 973.015(1m)(b) provides, in pertinent part, that "[u]pon successful completion of the sentence the detaining or probationary authority shall issue a certificate of discharge which shall be forwarded to the court of record and which shall have the effect of expunging the record."  As

---

[7] Lickes also offers a cursory and confusing argument to the effect that interpreting "conditions of probation" in the expungement statute to encompass both court-imposed conditions and DOC-imposed rules would render the "no-revocation" requirement in that statute superfluous.  This is so, he argues, because "the only way probation can be revoked is as a result of a violation of the conditions, regulations, or rules."  *See* **Hemp**, 359 Wis. 2d 320, ¶13 (we interpret statutes "to avoid surplusage, giving effect to each word").  We reject this argument as undeveloped.  *See* **Pettit**, 171 Wis. 2d at 646-47 (declining to address undeveloped arguments).  To the extent that we track this argument, Lickes fails to show how his interpretation of "conditions of probation" would solve whatever surplusage problem he argues exists under the alternative interpretation.  That is, because revocation may result from either the violation of a court-imposed condition or a DOC-imposed rule, the statute would equally suffer from a surplusage problem under Lickes' construction of the statute as it would under the State's.  Also, Lickes cites no authority for the proposition that statutory language is rendered superfluous simply because a defendant's conduct might result in the violation of more than one statutory requirement.

relevant to this case, our supreme court has interpreted this language in two cases: *Hemp* and *Ozuna*.

¶39   In *Hemp*, the defendant completed his probation and DOC forwarded a certificate of discharge to the circuit court, indicating that the defendant had "satisfied said probation." *Hemp*, 359 Wis. 2d 320, ¶6.  Following the circuit court's receipt of the certificate, the defendant was charged with another crime, at which point he filed a petition to expunge his conviction. *Id.*, ¶7. The circuit court denied the petition, concluding that the defendant's petition was not timely filed. *See id.*, ¶8.

¶40   As pertinent here, the supreme court concluded that the circuit court erred in denying the defendant's petition because "successful completion of probation automatically entitled" him to expungement. *See id.*, ¶¶3-4.  The court determined that the expungement statute imposes no obligation upon a defendant to effectuate his or her expungement, and that, "[o]nce an individual defendant successfully completes his sentence, the plain language of the expungement statute mandates a self-executing process." *Id.*, ¶27.  The court explained this self-executing process as follows:  "[U]pon the successful completion of the defendant's sentence, the detaining or probationary authority must issue a certificate of discharge, and must forward that certificate to the court of record as a matter of course.  When this process is completed, expungement is effectuated." *Id.*

¶41   *Ozuna* clarified the nature of the "self-executing" expungement process.  In *Ozuna*, our supreme court addressed whether the defendant was entitled to expungement following the circuit court's receipt of a contradictory certificate of discharge, which indicated that "[t]he offender has successfully

completed his/her probation" but that "[a]ll court ordered conditions have **not** been met." ***Ozuna***, 376 Wis. 2d 1, ¶6. The ***Ozuna*** court concluded that the defendant was not entitled to expungement upon receipt of the certificate of discharge because the record indicated that he had violated the court-ordered probation condition that he not possess or consume alcohol and had thus failed one of the statutory requirements for expungement. *See **id.***, ¶¶2, 10-13.

¶42 Relying on ***Hemp***, Lickes argues that, upon receiving the 2018 certificate of discharge, the circuit court was obligated to expunge his record on all three counts as part of the expungement statute's "self-executing" process. *See **Hemp***, 359 Wis. 2d 320, ¶¶25-38. Lickes also argues that ***Ozuna*** does not control the issue in the instant case because, in ***Ozuna***, the certificate of discharge contained contradictory information, whereas the 2018 certificate of discharge here indicates that Lickes satisfied all of the conditions of probation.

¶43 We first observe that, in making this argument, Lickes fails to note that the 2018 certificate of discharge pertains only to Count 4. As previously explained, the 2016 discharge form regarding Counts 1 and 3, while stating that Lickes had "successfully completed [his] probation," further stated that "[a]ll court ordered conditions have **not** been met" because Lickes had not yet completed sex offender treatment and was expected to do so by January 2017. With respect to Counts 1 and 3, therefore, this case is distinguishable from ***Hemp*** because, unlike in ***Hemp***, the record here does not contain an unequivocal certificate of discharge for Counts 1 and 3 stating that Lickes satisfied all of the conditions of probation. In fact, insofar as Counts 1 and 3 are concerned, Lickes' situation is nearly identical to the defendant's in ***Ozuna***, in that the discharge forms in both cases, while containing some contradictory information, clearly indicated that all court-ordered conditions had not been met. ***Ozuna***, 376 Wis. 2d 1, ¶6. Thus, even

assuming we agreed with Lickes' interpretation of the self-expungement process described in **Hemp** and **Ozuna**, Lickes would not be entitled to that process with regard to Counts 1 and 3.

¶44    However, even if the 2018 certificate of discharge could somehow be construed as applying to Counts 1 and 3, we further conclude that Lickes is not entitled to expungement for any of the three counts under the "self-executing" expungement process set forth in **Hemp** and **Ozuna** because, as explained below, that process is triggered only if the record indicates that the defendant successfully completed his or her sentence.

¶45    The expungement statute, as recognized in discussion in **Hemp**, clearly indicates that a defendant is entitled to expungement, and the "self-executing" process is triggered, only "[u]pon successful completion of the sentence," which entails meeting all three of the statutory requirements listed in WIS. STAT. § 973.015(1m)(b).  *See* **Hemp**, 359 Wis. 2d 320, ¶¶25-38.  Here, because Lickes violated multiple DOC-imposed rules, he did not meet all of the statutory requirements for "successful completion of the sentence."

¶46    **Hemp** establishes this point.  But we also note that, to the extent that **Hemp** could have left any doubt about the relationship between the certificate of discharge and the self-executing expungement process, **Ozuna** conclusively resolved the issue:

> Although we stated in **Hemp** that expungement occurs automatically when DOC "forwards a certificate of discharge to the court of record," **Hemp**, 359 Wis. 2d 320, ¶36, we were resting on the premise that satisfaction of the conditions of probation is an indispensable prerequisite to a defendant's entitlement to expungement.  *Id.*, ¶¶22-23.  It was because "Hemp satisfied all the conditions of probation," we explained, that his "successful completion of probation automatically entitled him to expungement of

21

his conviction." *Id.*, ¶24. Therefore, *Hemp* reinforces our understanding that a probationer's entitlement to expungement turns on whether the probationer "has satisfied the conditions of probation," as is required by Wis. Stat. § 973.015(1m)(b).

*Ozuna*, 376 Wis. 2d 1, ¶15. The *Ozuna* court further explained that, "in the expungement context, the simple fact that DOC forwards a certificate of discharge or other form to the circuit court does not, by itself, establish an entitlement to expungement if the record demonstrates that the probationer has not met the prerequisites under Wis. Stat. § 973.015(1m)(b)." *Id.*, ¶17. Against this backdrop, the error of Lickes' reliance on the 2018 certificate of discharge is clear. Because Lickes did not satisfy his conditions of probation, the 2018 certificate of discharge that DOC sent to the circuit court did not entitle Lickes to expungement for any of the three counts.

## CONCLUSION

¶47 We conclude that Lickes did not satisfy his "conditions of probation" and was therefore not entitled to expungement under WIS. STAT. § 973.015(1m). Accordingly, we reverse.

*By the Court.*—Order reversed.