# COURT OF APPEALS
## DECISION
## DATED AND FILED

## April 9, 2025

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal Nos. 2024AP1540-CR
2024AP1541-CR**

Cir. Ct. Nos. 2023CM1276
2023CT158

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT II

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

NATALIE S. LOZANO,

DEFENDANT-APPELLANT.

APPEALS from judgments of the circuit court for Waukesha County: LLOYD V. CARTER, Judge. *Affirmed*.

¶1 GROGAN, J.[1] Natalie S. Lozano appeals from judgments entered after she pled guilty to: (1) operating a motor vehicle while under the influence of

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(f) (2023-24). All references to the Wisconsin Statutes are to the 2023-24 version.

an intoxicant (OWI), second offense, contrary to WIS. STAT. § 346.63(1)(a); and (2) misdemeanor bail jumping, contrary to WIS. STAT. § 946.49(1)(a).[2] She claims the circuit court erroneously exercised its discretion when it denied her suppression motion in which she asserted the police officer lacked reasonable suspicion to conduct the traffic stop. Because the police officer had the requisite reasonable suspicion to stop Lozano's car based on her illegible license plate, this court affirms.

## I. BACKGROUND

¶2 Police Officer Dillon Gurgul observed a black Acura SUV with an illegible license plate and conducted a traffic stop that led to the vehicle's driver, Lozano, being arrested for OWI as a second offense. Lozano filed a motion to suppress, arguing that Gurgul lacked reasonable suspicion to conduct the traffic stop. Gurgul testified at the suppression hearing that he stopped Lozano's vehicle because her personalized license plate, "L0ZAN0," was illegible—the lower half of the last two digits on the plate had been rubbed down to the bare aluminum and the license plate frame/bracket around the plate almost completely obscured the fact that the vehicle was registered as a truck. Gurgul also testified that the inability to see the word "truck" on the plate together with the damaged digits would prevent an officer from being able to identify whether the registration was valid.

---

[2] The two counts were charged in separate complaints but considered together at a single plea and sentencing hearing. The plea bargain resolved both cases at the same time and included dismissing and reading in additional counts not relevant here. A separate judgment was entered in each case and Lozano appealed both judgments. This court granted Lozano's motion to consolidate the cases on appeal.

2

¶3      The circuit court found the officer to be credible and that he had reasonable suspicion to conduct the traffic stop because under the totality of the circumstances, the license plate was not legible, which is a violation of WIS. STAT. § 341.15(2).  After the court denied the suppression motion, Lozano entered into a global plea agreement for both the OWI case and another case involving misdemeanor bail jumping, which led to Lozano entering a guilty plea to the OWI and one count of misdemeanor bail jumping.  Judgments were entered and Lozano now appeals.

## II.  DISCUSSION

¶4      The only issue on appeal is whether the circuit court erred when it denied Lozano's suppression motion.  An order granting or denying a motion to suppress evidence presents "a question of constitutional fact, which requires a two-step analysis" on appellate review.  *State v. Asboth*, 2017 WI 76, ¶10, 376 Wis. 2d 644, 898 N.W.2d 541.  "First, we review the circuit court's findings of historical fact under a deferential standard, upholding them unless they are clearly erroneous.  Second, we independently apply constitutional principles to those facts."  *State v. Robinson*, 2010 WI 80, ¶22, 327 Wis. 2d 302, 786 N.W.2d 463 (internal citations omitted).

¶5      A police officer may conduct a traffic stop if he has reasonable suspicion that a traffic violation has been or will be committed.  *See State v. Houghton*, 2015 WI 79, ¶30, 364 Wis. 2d 234, 868 N.W.2d 143 ("reasonable suspicion that a traffic law has been or is being violated is sufficient to justify all traffic stops").  Reasonable suspicion must be based on "'specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion.'"  *Id.*, ¶21 (quoting *Terry v. Ohio*, 392 U.S. 1, 21 (1968)).

3

If reasonable suspicion exists, the seizure is reasonable and does not offend the Fourth Amendment.[3] ***State v. Adell***, 2021 WI App 72, ¶¶14-15, 399 Wis. 2d 399, 966 N.W.2d 115. "The reasonableness of a stop is determined based on the totality of the facts and circumstances." ***State v. Post***, 2007 WI 60, ¶13, 301 Wis. 2d 1, 733 N.W.2d 634.

¶6 Lozano argues that the circuit court should have granted her suppression motion because she believes Officer Gurgul lacked reasonable suspicion—in other words, that there was no legal basis to perform a traffic stop. Specifically, she seems to argue first that WIS. STAT. § 341.15(2) does not apply because her license plates were "displayed as required" and second that the stop was also unlawful because § 341.15(3) imposes a forfeiture for three specific violations, none of which applied to *her* illegible license plate, and therefore, there was no imposable penalty. In response, the State argues that because § 341.15(2) requires license plates to "be maintained in a legible condition" "at all times" and "displayed [so] they can be readily and distinctly seen and read[,]" Lozano's failure to do so gave Gurgul reasonable suspicion to conduct the traffic stop. It also argues that even if Gurgul was mistaken and Lozano's plate was legible, the stop was lawful because the mistake was "objectively reasonable." *See* ***Houghton***, 364 Wis. 2d 234, ¶¶52, 71 ("[A]n objectively reasonable mistake of law by a police officer can form the basis for reasonable suspicion to conduct a traffic stop."). The State is correct.

---

[3] U.S. CONST. amend. IV.

*A. The Circuit Court's Findings Were Not Clearly Erroneous.*

¶7    As previously set forth, on appeal of a circuit court's decision to grant or deny a suppression motion, this court must initially determine whether the circuit court's factual finding—as relevant here, that Lozano's license plate was illegible—was clearly erroneous.

¶8    Officer Gurgul testified at the suppression hearing that he stopped Lozano for "a traffic violation for illegible registration"[4] because her license plate was not legible and explained that half of the last two digits were rubbed down to the bare metal and that the indication that this vehicle was registered as a truck was hidden. Specifically, he explained that Lozano's rear license plate was illegible because the black paint was no longer visible on the last two numbers/letters of "L0ZAN0" and because a license plate bracket almost completely covered the "truck" designation near the bottom of the plate.

¶9    The circuit court found Officer Gurgul's testimony to be credible, which Lozano does not challenge on appeal, and, thus, this court defers to the circuit court's credibility findings. *See Cogswell v. Robertshaw Controls Co.*, 87 Wis. 2d 243, 250, 274 N.W.2d 647 (1979) ("the trial judge is the ultimate arbiter of the credibility of the witnesses"). Having considered Gurgul's credible testimony and the pictures of Lozano's license plate entered into evidence at the

---

[4] In the circuit court, Lozano focused on the fact that Officer Gurgul initially noticed her car when it was parked about an hour before the traffic stop and, although it was difficult, Gurgul was able to determine that the plates were properly registered. This court need not address this as Lozano does not make that argument on appeal. *See A.O. Smith Corp. v. Allstate Ins. Cos.*, 222 Wis. 2d 475, 491-93, 588 N.W.2d 285 (explaining that issues raised in the circuit court but not argued in a party's appellate brief are deemed abandoned and will not be considered).

hearing, the court found that Lozano's license plate was in fact illegible. In doing so, the court stated the following:

- "[I]t's readily apparent … that the lower right portion of the license plate was defective in the sense that that coating that's put on the bare metal peeled away, deteriorated, whatever over a period of time. And all the way down through the white coating."

- "The plate itself has a white coating on it then the embossed digits, whether letters or numbers, are black. And so the black coating is gone off half of the last 'N' in 'Lozano' and off of what would be the 'O' or the 'zero' in 'Lozano,' that was at least halfway gone, not down to the white but down to the bare metallic, silver metallic surface."

- A police officer following the vehicle at an ordinary distance under these "fact[s] and circumstances behind that vehicle couldn't read the plate."

- "It's clear that the last two digits of this plate from the perspective of a reasonable police officer … were not readable."

This court is satisfied the circuit court's finding is not clearly erroneous as it is supported by the evidence. *See* ***State v. Arias***, 2008 WI 84, ¶12, 311 Wis. 2d 358, 752 N.W.2d 748 ("A [factual] finding is clearly erroneous if 'it is against the great weight and clear preponderance of the evidence.'" (citation omitted)); *see also* WIS. STAT. § 805.17(2).

*B. The Officer Had Reasonable Suspicion to Perform the Traffic Stop.*

¶10 The circuit court determined that because Lozano's license plate was illegible, it was "invalid or improperly displayed" and in a "defective condition" and that as a result, Officer Gurgul had "reasonable suspicion to stop the vehicle." Whether reasonable suspicion to support the traffic stop existed is a question of

6

law this court reviews de novo. *See* **Robinson**, 327 Wis. 2d 302, ¶22; **Houghton**, 364 Wis. 2d 234, ¶18.

¶11    To determine whether reasonable suspicion supported the traffic stop at issue, this court must interpret multiple statutes. Statutory interpretation presents a question of law this court reviews de novo, *see* **State v. Lickes**, 2020 WI App 59, ¶16, 394 Wis. 2d 161, 949 N.W.2d 623, *aff'd*, 2021 WI 60, 397 Wis. 2d 586, 960 N.W.2d 855, and this court interprets statutes using the well-established methodology articulated in **State ex rel. Kalal v. Circuit Court for Dane County**, 2004 WI 58, 271 Wis. 2d 633, 681 N.W.2d 110. When reviewing statutory language, this court "ascertain[s] and appl[ies] the plain meaning of the statutes as adopted by the legislature." **White v. City of Watertown**, 2019 WI 9, ¶10, 385 Wis. 2d 320, 922 N.W.2d 61. "[S]tatutory interpretation 'begins with the language of the statute[,]'" and the "language is given its common, ordinary, and accepted meaning, except that technical or specially-defined words or phrases are given their technical or special definitional meaning." **Kalal**, 271 Wis. 2d 633, ¶¶45-46 (citation omitted).

¶12    Lozano argues that neither WIS. STAT. § 341.15(2) nor § 341.15(3) apply, and therefore Officer Gurgul did not have the requisite reasonable suspicion to believe she had committed or would be committing a traffic violation. *See* **Houghton**, 364 Wis. 2d 234, ¶30. This court rejects Lozano's argument.

¶13    WISCONSIN STAT. § 341.15(2) sets forth certain requirements related to the attachment, maintenance, and display of license plates:

> Registration plates shall be *attached* firmly and rigidly in a horizontal position and conspicuous place. The plates shall at all times be *maintained* in a legible condition and shall be so *displayed* that they can be readily and distinctly seen and read. Any peace officer may require the operator of

> any vehicle on which plates are not properly displayed to display such plates as required by this section.

*Id.* (emphases added).  On appeal, Lozano says that § 341.15(2) "did not provide a legal basis for the stop of [her] vehicle" because although it "allow[s] a peace officer to detain and require a motorist to take limited actions regarding license plates to make sure they are properly displayed," "properly displayed" refers only to the license plates being "attached firmly and rigidly in a horizontal position and in a conspicuous place."  Because the license plates on her vehicle were so attached, she says, § 341.15(2) did not provide a legal basis to stop her vehicle.

¶14   Contrary to Lozano's assertion, WIS. STAT. § 341.15(2)'s plain and unambiguous text is not limited to *only* requiring that license "plates be attached firmly and rigidly in a horizontal position and conspicuous place."  Rather, § 341.15(2) text *also* requires that "[t]he plates shall at all times *be maintained in a legible condition* and shall *be so displayed that they can be readily and distinctly seen and read.*"  *Id.* (emphases added).  In other words, § 341.15(2)'s first sentence identifies *how and where* a license plate must be *attached* on the vehicle, and the second sentence identifies how such plates must be *maintained and displayed*.  When a license plate is not so attached, maintained, or displayed, § 341.15(2)'s final sentence provides that "[a]ny peace officer may require the operator of any vehicle on which plates are not properly displayed to display such plates as required by this section."  It is hard to envision how a peace officer could

8

do so in the circumstance of a moving vehicle if the peace officer was prohibited from conducting a traffic stop to address the violation.[5]

¶15    Accepting Lozano's interpretation of WIS. STAT. § 341.15(2)—that "properly displayed" relates *only* to the requirement as to where and how license plates must be attached to the vehicle—would require this court to disregard § 341.15(2)'s second sentence entirely.  Statutory interpretation, however, requires that this court "give reasonable effect to every word" "where possible" and "to avoid absurd or unreasonable result[,]" ***Kalal***, 271 Wis. 2d 633, ¶46, and the statutory interpretation set forth above complies with this command.  Thus, even if this court accepts Lozano's assertion that the plates on her vehicle complied with § 341.15(2)'s requirement that they "be attached firmly and rigidly in a horizontal position and conspicuous place" as true, the plates were *also* required to "be maintained in a legible condition" and "displayed" in a manner in which the plates

---

[5] WISCONSIN STAT. § 349.02(2) also establishes that an officer may conduct a traffic stop for a WIS. STAT. § 341.15(2) violation.  As relevant here, § 349.02(2)(a) provides that "a police officer … may not stop or inspect a vehicle *solely* to *determine* compliance with a statute or ordinance specified under par. (b) *unless* the police officer … *has reasonable cause to believe that a violation of a statute* or ordinance specified under par. (b) *has been committed*."  (Emphases added.)  In turn, § 349.02(2)(b)3 identifies "Chapters 341 to 346" as "statutes and ordinances covered under par. (a)[.]"

Here, Officer Gurgul did not conduct the traffic stop to *determine* whether Lozano's license plate complied with WIS. STAT. § 341.15.  Rather, he conducted the traffic stop because he had reasonable suspicion to believe—based on his observation that the paint was no longer visible on portions of two numbers/letters and that the word "truck" designating that the plate was registered as a truck was almost completely covered—that the license plate did, in fact, violate § 341.15.

could "be readily and distinctly seen *and read*." *Id.* (emphases added.)[6] Her license plate, however, was *not* maintained and displayed "in a legible condition" that could "be readily and distinctly … read[,]" *see id.*, and Officer Gurgul, who testified as to "specific and articulable facts" as to how Lozano's license plate did not comply with the statutory requirement, therefore had the requisite reasonable suspicion to conduct the traffic stop. *See Houghton*, 364 Wis. 2d 234, ¶21.[7]

¶16     Accordingly, because the circuit court's finding that Lozano's plate was illegible is not clearly erroneous and because Officer Gurgul had reasonable suspicion that Lozano's license plate violated WIS. STAT. § 341.15(2), the circuit court did not err in denying Lozano's motion to suppress.

---

[6] Lozano seems to suggest that because neither WIS. STAT. § 341.15(2) nor § 341.15(3) (or any other statute) identify a penalty for a legibility violation aside from illegibility "due to the accumulation of dirt of other foreign matter[,]" *see* § 341.15(3)(c), there is no applicable penalty for *her* illegible license plate and accordingly, the stop was unlawful. Specifically, she says "that an act or an inaction is not a crime or a violation of the law unless it carries with it a penalty" and that "[i]f there is no penalty, there is no violation of the law." Lozano, however, provides no legal citation to support this argument, and this court will therefore not address it further. *See State v. Pettit*, 171 Wis. 2d 627, 646, 492 N.W.2d 633 (Ct. App. 1992) (an appellate court may decline to review issues unsupported by legal authority); WIS. STAT. § 809.19(1)(e) (requiring appellants to support arguments "with citations to the authorities, statutes and parts of the record relied on"). Moreover, and as previously noted, § 341.15(2) provides the basis for a traffic stop if a license plate violates any of its attachment, maintenance, or display requirements.

[7] Lozano also argues on appeal that WIS. STAT. § 341.15(3) did not provide a basis for the traffic stop because it does not identify a penalty for license plates that are illegible for any reason other than "the accumulation of dirt or other foreign matter" and there was no testimony that there was any such "accumulation of dirt or other foreign matter" present on her license plate. *See* § 341.15(3)(c). Likewise, she says, § 341.15(3)(b) does not apply because it only refers to the readability of a license plate in regard to its *placement*—not its *condition*. *See id.* (up to a $200 forfeiture possible where "[a] person … operates a vehicle with a registration plate attached in a non-rigid or non-horizontal manner or in an inconspicuous place so as to make it difficult to see and read the plate"). Because this court concludes that § 341.15(2) provides a basis for the traffic stop, it is unnecessary to address Lozano's arguments regarding § 341.15(3). *See State v. Lickes*, 2021 WI 60, ¶33 n.10, 397 Wis. 2d 586, 960 N.W.2d 855 ("Issues that are not dispositive need not be addressed." (quoted source omitted)); *Martinez v. Rullman*, 2023 WI App 30, ¶5, 408 Wis. 2d 503, 992 N.W.2d 853 (this court decides cases on the narrowest possible grounds.).

*By the Court.*—Judgments affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.

11