¶ 1.
MICHAEL J. GABLEMAN, J.
We review an unpublished decision of the court of appeals, State v. Ozuna, No. 2015AP1877-CR, unpublished slip op. (Wis. Ct. App. April 13, 2016), affirming the Walworth County circuit court's order[1] denying expungement of the defendant's misdemeanor convictions.
¶ 2. We affirm the decision of the court of appeals and hold that the circuit court properly concluded that the defendant was not entitled to expungement. We do so because the defendant did not meet the statutory requirements for expungement. Specifically, in order to be entitled to expungement, a probationer must "satisfy] the conditions of probation." Wis. Stat. § 973.015(lm)(b) (2013-14).[2] In this case, when the Department of Corrections ("DOC") notified the circuit court that the defendant had completed probationary supervision, it simultaneously notified the court that *7 the defendant had violated the court's expressly ordered condition that he neither possess nor consume alcohol. Consequently, the circuit court ruled that the defendant was not entitled to expungement, and the court, of appeals affirmed. We affirm the decision of the court of appeals.
I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY
¶ 3. On November 20, 2013, the Walworth County district attorney's office charged Lazaro Ozuna with one count of criminal damage to property contrary to Wis. Stat. § 943.01(1) (2011-2012) and one count of disorderly conduct contrary to Wis. Stat. § 947.01(1) (2011-2012), both misdemeanors. Ozuna was 17 years old at the time these charges were filed.
¶ 4. On May 27, 2014, the circuit court held a plea and sentencing hearing,[3] at which Ozuna pled guilty to both counts. The court accepted Ozuna's guilty plea and imposed a sentence of 120 days' incarceration, but the court stayed the sentence and placed Ozuna on a period of probationary supervision for 12 months. As one of the conditions of his probation, the court ordered Ozuna "[n]ot to possess or consume alcohol, illegal drugs or paraphernalia."
¶ 5. The court further determined that Ozuna's conviction was eligible for expungement under Wis. Stat. § 973.015 so long as Ozuna satisfied the conditions of probation. The court stated, "I will allow expungement if there is no violation of probation . . . ." The court asked Ozuna if he understood that he would have to comply with the conditions of probation and that the convictions "could be on your record unless *8 you complete the sentence[4] successfully and get it expunged; do you understand that?" Ozuna answered, "Yes, sir."
¶ 6. Ozuna was placed on probation under the supervision of DOC for a term of 12 months. After Ozuna was discharged from probation, DOC filed a form with the circuit court on June 5, 2015, entitled "Verification of Satisfaction of Probation Conditions for Expungement." On that form, the probation agent had marked a box labeled "The offender has successfully completed his/her probation." Further down on the form, however, the agent had marked the box labeled, "All court ordered conditions have not been met." The agent inserted the following explanation: "[Ozuna] [flailed to comply with the no alcohol condition. Lake Geneva PD went to Harbor Shores Hotel for noise complaint. Mr. Ozaro [sic] cited for underage drinking (102 pbt [sic]) and marijuana odor in the halls."
¶ 7. On June 12, 2015, the circuit court entered an order denying expungement of Ozuna's record. The order noted that Ozuna had failed to fulfill the obligations of his probation. Ozuna appealed the circuit court's order, and the court of appeals affirmed the circuit court. The court of appeals concluded that "Ozuna was entitled to expungement only if he successfully completed his sentence. Ozuna did not do so because he did not satisfy the conditions of probation." *9 Ozuna, unpublished slip op., ¶ 11. The court of appeals noted that the "State claims — and the DOC form confirms — that Ozuna violated the no alcohol condition of his probation. Nowhere in the briefs does Ozuna contest this crucial fact." Id., ¶[ 9. For these reasons, the court of appeals affirmed the circuit court's order denying expungement.
f 8. Ozuna petitioned this court for review, which we granted on September 15, 2016.
II. STANDARD OF REVIEW
¶ 9. This case requires us to interpret the ex-pungement statute, Wis. Stat. § 973.015, which is a question of statutory interpretation that we review de novo. State v. Hemp, 2014 WI 129, ¶ 12, 359 Wis. 2d 320, 856 N.W.2d 811. The application of a statute to undisputed facts is also a question of law for our independent review, benefiting from the analyses of the circuit court and court of appeals. State v. Popenhagen, 2008 WI 55, ¶ 32, 309 Wis. 2d 601, 749 N.W.2d 611.
III. DISCUSSION
¶ 10. We begin by setting forth the relevant statutory requirements for expungement and discussing the circuit court's authority to deny expungement. We then apply these principles to the facts of this case, and we hold that, because Ozuna did not satisfy the conditions of probation, the circuit court properly denied expungement of his conviction. Finally, we address Ozuna's procedural due process argument, and we conclude that Ozuna's rights were not violated in this case.
*10 A. A Probationer Must Satisfy the Conditions of Probation In Order To Be Entitled to Expungement
¶ 11. The Wisconsin statutes empower a circuit court to order certain criminal offenses to be expunged from a person's record, if the offender was younger than 25 at the time of the commission of the offense.[5] The overarching legislative purpose of the expungement statute is to provide "a break to young offenders who demonstrate the ability to comply with the law." Hemp, 359 Wis. 2d 320, ¶ 20 (quoting State v. Leitner, 2002 WI 77, ¶ 38, 253 Wis. 2d 449, 646 N.W.2d 341). A circuit court may order expungement "if the court determines the person will benefit and society will not be harmed by this disposition." Wis. Stat. § 973.015(lm)(a)l. Under the statutory scheme, the determination of a defendant's eligibility for expungement must be made at the time of sentencing. State v. Matasek, 2014 WI 27, ¶ 45, 353 Wis. 2d 601, 846 N.W.2d 811.
¶ 12. If the circuit court determines that the defendant is eligible for expungement under Wis. Stat. § 973.015(lm)(a), "the plain language of the statute indicates that once the defendant successfully completes his sentence, he has earned, and is automatically entitled to, expungement." Hemp, 359 Wis. 2d *11 320, ¶ 23.[6] The statute provides a three-part definition of what it means to "successfully complete the sentence" for purposes of earning expungement: "A person has successfully completed the sentence if [1] the person has not been convicted of a subsequent offense and, if on probation, [2] the probation has not been revoked and [3] the probationer has satisfied the conditions of probation." § 973.015(lm)(b) (emphasis added). "If a probationer satisfies these three criteria, he has earned expungement, and is automatically entitled to expungement of the underlying charge." Hemp, 359 Wis. 2d 320, ¶ 23.
¶ 13. We emphasize that, in order to be entitled to expungement, the probationer must meet all three of the statutory criteria, including satisfying "all the conditions of probation." Id., ¶ 22. Because the three criteria are distinct, we reject Ozuna's notion that a probationer has "satisfied the conditions of probation" under Wis. Stat. § 973.015(lm)(b) simply because his probation was not revoked. Whether a probationer's conduct was adequate to avoid revocation is a question separate and distinct from whether the probationer "has satisfied all the conditions of probation."[7] Hemp, *12 359 Wis. 2d 320, ¶ 22. To "satisfy" a condition or obligation is to meet or fulfill it, not merely to avoid the penalty for violating it. See Satisfy, Webster's Third New International Dictionary 2017 (2002) ("to conform to (accepted criteria or requirements): fulfill, meet"). Therefore, the mere fact that a probationer has completed the term of probationary supervision without revocation does not necessarily establish that the probationer has also satisfied the conditions of probation.
B. The Court May Deny Expungement if a Probationer Does Not Satisfy the Conditions of Probation
¶ 14. Although the expungement statute puts the onus on DOC to determine whether a probationer has satisfied the conditions of probation and to notify the court when that occurs,[8] a court has no duty to expunge a probationer's record if the probationer has not satisfied the conditions of probation. This is so because a person's statutory entitlement to expunge *13 ment depends not on whether the court receives a particular notice from DOC, but on whether the probationer meets all of the statutory criteria for the "successful completion of the sentence." See Wis. Stat. § 973.015(lm)(b) (providing that only "[u]pon successful completion of the sentence" shall a DOC-forwarded certificate of discharge "have the effect of expunging the record"). In Hemp, we held that Wis. Stat. § 973.015(lm)(b) provides for a "self-executing" ex-pungement process, in which "the detaining or probationary authority must forward the certificate of discharge to the court of record upon the individual defendant's successful completion of his sentence and at that point the process of expungement is self-executing." Hemp, 359 Wis. 2d 320, ¶ 25 (emphasis added). The terms of the statute provide that this self-executing process is triggered only "[u]pon successful completion of the sentence," as the statute defines that term in § 973.015(lm)(b). "In construing or interpreting a statute the court is not at liberty to disregard the plain, clear words of the statute." State v. Pratt, 36 Wis. 2d 312, 317, 153 N.W.2d 18 (1967) (internal quotation marks omitted). Therefore, under the expungement statute, it is proper for the circuit court to deny expungement if a defendant has not met all three criteria for the "successful completion of the sentence" under Wis. Stat.s § 973.015(lm)(b), including satisfying the conditions of probation.[9]
*14 ¶ 15. This conclusion is not in conflict with our holding in Hemp. Although we stated in Hemp that expungement occurs automatically when DOC "forwards a certificate of discharge to the court of record," Hemp, 359 Wis. 2d 320, ¶ 36, we were resting on the premise that satisfaction of the conditions of probation is an indispensable prerequisite to a defendant's entitlement to expungement. Id., ¶¶ 22-23. It was because "Hemp satisfied all the conditions of probation," we explained, that his "successful completion of probation automatically entitled him to expungement of his conviction." Id., ¶ 24. Therefore, Hemp reinforces our understanding that a probationer's entitlement to ex-pungement turns on whether the probationer "has satisfied the conditions of probation," as is required by Wis. Stat. § 973.015(lm)(b).
¶ 16. In Hemp, DOC forwarded Hemp's certificate of discharge to the court, and there was no dispute that Hemp had successfully completed probation as defined in Wis. Stat. § 973.015(lm)(b). "The record clearly indicates Hemp successfully completed probation," we concluded, because Hemp was not convicted of any subsequent offense while on probation, his probation was not revoked, and "Hemp satisfied all the conditions of probation." Hemp, 359 Wis. 2d 320, ¶ 24. In such a scenario, expungement was "required by statute" and the clerk of the circuit court accordingly had a duty to expunge the record upon receiving a copy of the certificate of discharge from DOC. Id., ¶ 33 n.11 (quoting SCR 72.06). But Hemp does not control a case where DOC informs the circuit court that the proba *15 tioner violated the court-ordered conditions of probation. In such a case, where one of the statutory requirements for the "successful completion of the sentence" under § 973.015(lm)(b) has not been met, the probationer has no entitlement to expungement and the self-executing process we described in Hemp does not occur.
¶ 17. Our emphasis on the language of the statute is also in accord with our interpretation of the probation statutes in an analogous context. In State ex rel. Greer v. Wiedenhoeft, 2014 WI 19, 353 Wis. 2d 307, 845 N.W.2d 373, where DOC issued a certificate of discharge from probation before the term of probation had expired, we held that such certificate did not have the effect of discharging the probationer. Id., ¶¶ 41, 51. The statutes provide that a certificate of discharge is issued "[w]hen the period of probation for a probationer has expired," Wis. Stat. § 973.09(5), but the defendant relied on two court of appeals decisions which suggested that the issuance of a certificate was the controlling event that effectuated discharge. Id., ¶ 42. We rejected this argument, explaining that "[n] either decision stands for the proposition that an erroneously issued discharge certificate can defeat a valid sentence imposed by a circuit court." Id. The certificate could not trump the statute. Similarly, in the expungement context, the simple fact that DOC forwards a certificate of discharge or other form to the circuit court does not, by itself, establish an entitlement to expungement if the record demonstrates that the probationer has not met the prerequisites under Wis. Stat. § 973.015(lm)(b).
*16 C. The Circuit Court Properly Denied Expungement
¶ 18. Here, there was never any dispute about the underlying facts in the record. DOC submitted a form to the court which showed that Ozuna had violated one of the court-ordered conditions of his probation. On the form, the probation agent checked a box marked "All court ordered conditions have not been met." The agent noted the nature of the violation, namely, that Ozuna "[flailed to comply with the no alcohol condition," because he was "cited for underage drinking." Ozuna has never made any suggestion that that he did not, in fact, engage in this conduct during the term of probation.
¶ 19. These facts demonstrate that Ozuna did not meet the criteria for expungement, because he did not "satisffy] the conditions of probation." Wis. Stat. § 973.015(lm)(b). According to his probation agent, Ozuna engaged in underage drinking in spite of the circuit court's command to refrain from consuming alcohol. Based on this clear violation of one of the court-ordered conditions of probation, Ozuna did not satisfy the conditions of probation. Therefore, the circuit court properly denied expungement of Ozuna's record.[10]
¶ 20. Ozuna disagrees, arguing that the "fact that [his] agent forwarded the Verification Form to the *17 circuit court communicates her determination that [he] met the requirements" for expungement. However, looking beyond the title of the form ("Verification of Satisfaction of Probation Conditions for Expungement") to its substance reveals that DOC determined Ozuna had violated one of the court-ordered conditions of probation. Although we held in Hemp that a court has no discretion to deny expungement if a probationer "successfully completed probation and his probationary authority forwarded his certificate to the court of record," Hemp, 359 Wis. 2d 320, ¶ 41 (emphasis added), there was no dispute in Hemp that the probationer had, in fact, met the statutory requirements for the successful completion of probation, including satisfying all the conditions of probation, id., ¶ 24. Nothing in Hemp dictates that the mere receipt of a form from DOC stating that the probationer "successfully completed" probation automatically entitles the probationer to expungement where, as here, the very same form contains a contradictory determination by DOC that the probationer violated one of the court-ordered conditions of probation. Because Ozuna did not satisfy the court-ordered condition that he abstain from alcohol while on probation, his reliance on Hemp is unavailing.
D. Ozuna's Due Process Rights Were Not Violated
| 21. Finally, we turn to Ozuna's argument that the circuit court deprived him of his constitutional right to procedural due process by denying expungement without notice and an opportunity to be heard. We conclude that Ozuna's due process rights were not violated.
*18 ¶ 22. "The Fourteenth Amendment to the United States Constitution and art. I, § 1 of the Wisconsin Constitution prohibit government actions that deprive any person of life, liberty, or property without due process of law." Aicher ex rel. LaBarge v. Wis. Patients Comp. Fund, 2000 WI 98, ¶ 80, 237 Wis. 2d 99, 613 N.W.2d 849. The first step in a procedural due process analysis is to "examine whether the person has established that a constitutionally protected property or liberty interest is at issue." Id.
¶ 23. Where a liberty interest has been "initially recognized and protected by state law,. . . the procedural guarantees of the Fourteenth Amendment apply whenever the State seeks to remove or significantly alter that protected status." Paul v. Davis, 424 U.S. 693, 710-11 (1976). We note that "[r]eputation by itself is neither liberty nor property within the meaning of the due process clause of the fourteenth amendment." Weber v. City of Cedarburg, 129 Wis. 2d 57, 73, 384 N.W.2d 333 (1986). Rather, "a person's reputation is protected by procedural due process only when damage to the reputation is accompanied by the alteration or elimination of a right or status previously recognized by state law." Stipetich v. Grosshans, 2000 WI App 100, ¶ 24, 235 Wis. 2d 69, 612 N.W.2d 346. "In such a case, due process would accord an opportunity to refute the charge . . . ." Bd. of Regents of State Colls. v. Roth, 408 U.S. 564, 573 (1972). "The purpose of such notice and hearing is to provide the person an opportunity to clear his name." Id. at 573 n.12.
¶ 24. Here, Ozuna argues that he had a protected liberty interest in expungement of his record because *19 the circuit court ordered, at the time of Ozuna's sentencing, that his conviction was eligible for expungement. The expungement statute, Ozuna argues, "creates a substantive right under state law" to have the stigma of a criminal conviction removed. He relies on our statement in Hemp that "once the defendant successfully completes his sentence, he has earned, and is automatically entitled to, expungement." Hemp, 359 Wis. 2d 320, ¶ 23. Ozuna further argues that he was deprived of this right without due process of law, because the circuit court did not provide him with notice and an opportunity to be heard before it denied expungement. Ozuna analogizes a denial of expungement to a revocation of probation. This court has recognized that due process requires an evidentiary hearing before the State may revoke probation, State ex rel. Johnson v. Cady, 50 Wis. 2d 540, 548, 185 N.W.2d 306 (1971), and Ozuna argues that the same rule should apply to a denial of expungement.
¶ 25. We disagree with Ozuna and hold that he did not have a protected liberty interest in expungement in this case. The reason that a probationer has a protected liberty interest in remaining on probation is because the probationer has already been granted a conditional right to freedom. See Johnson, 50 Wis. 2d at 548 ("After one has gained the conditional freedom of a probationer . . . the state cannot summarily revoke such status . . . .") (emphasis added). By contrast, Ozuna cannot claim that he gained any entitlement to expungement, because the record shows that he did not meet the statutory criteria for "successful completion of the sentence" under Wis. Stat. § 973.015(lm)(b), which include satisfying all the conditions of probation. See Hemp, 359 Wis. 2d 320, ¶ 22.
*20 f 26. Ozuna suggests that the circuit court should have held a hearing before denying expungement, but he has not pointed us to any relevant factual dispute that such a hearing could have resolved. He has never questioned DOC's determination that he violated the no-alcohol condition by engaging in underage drinking during his period of probation. Because Ozuna was not entitled to expungement based on his failure to satisfy the no-alcohol condition, we also conclude that there was no violation of due process in this case, because Ozuna does not challenge the underlying facts. See Conn. Dep't. of Pub. Safety v. Doe, 538 U.S. 1, 8 (2003) ("Plaintiffs who assert a right to a hearing under the Due Process Clause must show that the facts they seek to establish in that hearing are relevant under the statutory scheme."); Stipetich, 235 Wis. 2d 69, ¶ 25 (affirming dismissal of a due process claim on summary judgment where the petitioner "did not produce sufficient evidence to allow a fact-finder to conclude that she had been deprived of a constitutionally protected property or liberty interest").
¶ 27. Because Ozuna did not satisfy the conditions of his probation, he never earned the expungement for which he was otherwise eligible. Therefore, Ozuna was not deprived of any right or status which he previously possessed under state law. Absent facts permitting a conclusion that Ozuna was entitled to expungement under Wis. Stat. § 973.015(lm)(b), his reputational interest in hoping to obtain expungement is not, by itself, a protected liberty interest. See Weber, 129 Wis. 2d at 73.
¶ 28. For these reasons, we conclude that Ozu-na's due process rights were not violated.
*21 IV. CONCLUSION
¶ 29. We hold that the circuit court properly denied expungement in this case, because Ozuna did not meet the statutory requirements to be entitled to expungement. The statutory requirements for ex-pungement include the requirement that the probationer has satisfied the conditions of probation. Here, DOC notified the circuit court that Ozuna did not meet all the conditions of probation because Ozuna violated the circuit court's expressly ordered condition to not possess or consume alcohol during the term of probation. Therefore, based on this notification from DOC, the circuit court properly denied expungement. Further, because Ozuna never met the requirements to be entitled to expungement, the circuit court's denial of expungement did not violate his right to the due process of law. We therefore affirm the decision of the court of appeals.
By the Court. — The decision of the court of appeals is affirmed.

 The Honorable Kristine E. Drettwan, presiding.

 All subsequent references to the Wisconsin Statutes are to the 2013-14 version unless otherwise indicated.

 The Honorable James L. Carlson, presiding.

 We note that probationary supervision, commonly referred to as "probation," is not itself a sentence; rather, it is an alternative to sentencing. State v. Horn, 226 Wis. 2d 637, 647, 594 N.W.2d 772 (1999). However, the expungement statute defines the "successful completion of the sentence" so as to encompass probation. See Wis. Stat. § 973.015(lm)(b). Probation is therefore considered a "sentence" for purposes of the expungement statute. State v. Matasek, 2014 WI 27, ¶ 36, 353 Wis. 2d 601, 846 N.W.2d 811.

 Section 973.015(lm)(a)l. provides, in relevant part, that
when a person is under the age of 25 at the time of the commission of an offense ... for which the maximum period of imprisonment is 6 years or less, the court may order at the time of sentencing that the record be expunged upon successful completion of the sentence if the court determines the person will benefit and society will not be harmed by this disposition.

 The statute provides, in relevant part, that
A person has successfully completed the sentence if the person has not been convicted of a subsequent offense and, if on probation, the probation has not been revoked and the probationer has satisfied the conditions of probation. Upon successful completion of the sentence the detaining or probationary authority shall issue a certificate of discharge which shall be forwarded to the court of record and which shall have the effect of expunging the record.
Wis. Stat. § 973.015(lm)(b).

 Revocation is a discretionary decision. When a violation of probation occurs, DOC regulations permit the agent to *12 counsel the probationer, issue a warning, or choose another alternative to revocation. See Wis. Admin. Code § DOC 331.03(2)(b) (July 2013).

 As we recognized in State v. Hemp, 2014 WI 129, 359 Wis. 2d 320, 856 N.W.2d 811, a probationer who has met all the requirements of Wis. Stat. § 973.015(lm)(b) and is therefore entitled to expungement has no duty to notify the court of that fact; that duty rests with DOC as the probationary authority. See id., ¶ 30. DOC policy is in accord with this understanding. Its Electronic Case Reference Manual requires that, "[w]ithin 10 days following the discharge date, the agent shall forward information to the court indicating whether or not the eligible offender has successfully completed probation." Wisconsin DOC Electronic Case Reference Manual, Procedures Prior to Discharge: Expungement, § .04 (effective May 1,2015) (available at http://doc.helpdocsonline.com/case-closing/transition/status-change).

 We note that, in this instance, Ozuna does not contest the factual determination that he consumed alcohol while on probation, thereby violating one of the conditions of his probation. This case is therefore not the proper vehicle in which to set forth the procedures a court is to follow when such factual matters are disputed. See State v. Smith, 2012 WI 91, ¶ 62 n.19, 342 Wis. 2d 710, 817 N.W.2d 410 (noting that this court *14 "does not issue advisory opinions or address hypothetical facts"). We note our confidence in the ability of our circuit courts to resolve such matters fairly, a confidence informed by our knowledge that they routinely do just that.

 It appears that Ozuna also failed to satisfy the monetary conditions of probation, and he argues that it would violate equal protection "to deny expungement to probationers who cannot afford to satisfy monetary conditions during supervision." We need not reach this argument, because we conclude that Ozuna's undisputed violation of the no-alcohol condition was sufficient to establish that he was not entitled to expungement.