# COURT OF APPEALS
# DECISION
# DATED AND FILED

## June 2, 2021

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2020AP1921-CR**

Cir. Ct. No. **2012CM4688**

STATE OF WISCONSIN

**IN COURT OF APPEALS
DISTRICT I**

---

STATE OF WISCONSIN,

      PLAINTIFF-RESPONDENT,

  V.

KEANDRAE J. REED,

      DEFENDANT-APPELLANT.

---

APPEAL from an order of the circuit court for Milwaukee County: T. CHRISTOPHER DEE, Judge. *Affirmed*.

¶1 WHITE, J.[1] Keandrae J. Reed appeals the order denying his petition for expungement. Because Reed has not fulfilled the conditions of

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(f) (2019-20). All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

probation ordered at sentencing required to successfully complete his sentence for purposes of expungement, we affirm the circuit court.

## BACKGROUND

¶2     Reed was convicted of misdemeanor theft of movable property having a value not exceeding $2,500 on February 11, 2013.  At the sentencing hearing on March 21, 2013, the circuit court[2] imposed a year of probation and imposed and stayed a term of six months in the Milwaukee County House of Correction.  Reed's conditions of probation included that he "not be involved in any conduct that rises to the level of a finding of probable cause that [he has] violated the criminal law," perform ten hours of community service, pay restitution of $2,099.99 to the victim of the theft, and pay appropriate court costs, assessments and surcharges.  The court stated he should begin paying his restitution and court costs by making monthly payments of at least $200 commencing May 1, 2013.  The circuit court ordered expungement "upon the defendant's proof to the Court that he has successfully completed the period of probation with all of the requirements that the Court has listed as conditions of probation."

¶3     Reed pursued postconviction relief, asking the court to reconsider its March 2013 sentencing decision and the order for restitution.  The circuit court denied Reed's motion for reconsideration, but amended the restitution order to $2,099.97, reflecting the actual loss stated in the record.  In June 2013, the clerk of

---

[2] The Honorable Daniel L. Konkol presided over Reed's plea hearing, sentencing, and first postconviction motion.

the circuit court converted Reed's unpaid restitution and costs to civil judgments, totaling over $2,700.[3]

¶4    On June 26, 2020, Reed filed the instant expungement petition because he was having problems finding employment with a misdemeanor theft conviction on his record.  Reed requested expungement and informed the court that he had "completed probation successfully" and was terminated from probation on March 27, 2014; further, between the date of conviction and the termination of his probation, he was not convicted of another criminal offense.  He acknowledged that he had not made the required payments of $200 a month for restitution and costs.  Reed argued that his conditions of probation had been satisfied by the conversion of his unpaid restitution and costs to civil judgments.  The circuit court[4] denied Reed's petition, concluding that Reed had failed to satisfy the totality of his conditions of probation.

¶5    This appeal follows.  Additional facts are included in the discussion.

## DISCUSSION

¶6    Reed renews his arguments from the circuit court, asserting that this court should reverse the circuit court's order denying expungement.  Reed argues

_____

[3] According to CCAP records supplied by Reed, Reed's unpaid restitution and costs were converted to civil judgments "[d]ue to not following the payment plan agreement, specifically payment(s) were missed, the payment plan has been ended and the failure to pay action has been enforced."  We may take judicial notice of information entered by court staff into CCAP (Wisconsin's Consolidated Court Automation Programs).  *See* WIS. STAT. § 902.01; *Kirk v. Credit Acceptance Corp.*, 2013 WI App 32, ¶5 n.1, 346 Wis. 2d 635, 829 N.W.2d 522.  The record does not reflect that Reed has made any payments on his restitution and costs or on his civil judgments.

[4] The Honorable T. Christopher Dee presided over Reed's petition for expungement.

that the circuit court erred in its conclusion that the conversion of the unpaid restitution and court costs to civil judgments did not satisfy the conditions of probation. Reed contends he would be eligible for expungement of his conviction if the conversion to civil judgments satisfied the conditions of probation. Additionally, Reed asserts that being terminated from probation means he has satisfied the conditions of probation, again, making him eligible for expungement. Finally, Reed argues denying him expungement based on his failure to pay his restitution and costs due to his indigence is an equal protection violation.

¶7 This case requires us to interpret and apply WIS. STAT. § 973.015(1m), the expungement statute, to a set of undisputed facts. We review the interpretation and application of this statute de novo. *State v. Ozuna*, 2017 WI 64, ¶9, 376 Wis. 2d 1, 898 N.W.2d 20.

¶8 "Statutory interpretation begins with the language of the statute, and, if the language is unambiguous, we apply the statute's plain language to the facts at hand." *State v. Hemp*, 2014 WI 129, ¶13, 359 Wis. 2d 320, 856 N.W.2d 811. "Statutory language is interpreted in the context in which it is used; not in isolation but as part of a whole; in relation to the language of surrounding or closely-related statutes; and reasonably, to avoid absurd or unreasonable results." *State ex rel. Kalal v. Circuit. Ct. for Dane Cnty.*, 2004 WI 58, ¶46, 271 Wis. 2d 633, 681 N.W.2d 110.

¶9       We begin with the language of the statute[5]:

(a) … [W]hen a person is under the age of 25 at the time of the commission of an offense for which the person has been found guilty in a court for violation of a law for which the maximum period of imprisonment is 6 years or less, the court may order at the time of sentencing that the record be expunged upon successful completion of the sentence if the court determines the person will benefit and society will not be harmed by this disposition.

….

(b) A person has successfully completed the sentence if the person has not been convicted of a subsequent offense and, if on probation, the probation has not been revoked and the probationer has satisfied the conditions of probation. Upon successful completion of the sentence the detaining or probationary authority shall issue a certificate of discharge which shall be forwarded to the court of record and which shall have the effect of expunging the record. If the person has been imprisoned, the detaining authority shall also forward a copy of the certificate of discharge to the department.

WIS. STAT. § 973.015(1m).

¶10      As our supreme court explained, the statutory language defines three parts to successfully complete a sentence under the expungement process. *Ozuna*, 376 Wis. 2d 1, ¶12. First, the person was not "convicted of a subsequent offense[.]" WIS. STAT. § 973.015(1m)(b). Second, if the person was placed on probation, "the probation has not been revoked[.]" *Id.* And third, a person on probation "has satisfied the conditions of probation." *Id.* "If a probationer satisfies these three criteria, he has earned expungement, and is automatically

---

[5] We note that WIS. STAT. § 973.015 has been amended multiples times since Reed's conviction in 2013; however, none of the changes affect the language relevant to Reed's appeal.

entitled to expungement of the underlying charge." ***Ozuna***, 376 Wis. 2d 1, ¶12. Reed's appeal focuses on whether he satisfied the conditions of probation.

¶11    In ***State v. Lickes***, 2020 WI App 59, ¶25, 394 Wis. 2d 161, 949 N.W.2d 623, we noted that "[t]he phrase 'conditions of probation' is not defined in either WIS. STAT. ch. 973, in which the expungement statute appears, or in WIS. STAT. § 967.02, which contains definitions of words and phrases for WIS. STAT. chs. 967 to 979." After reviewing the language of the surrounding and closely-related statutes, we concluded that the "conditions of probation" in § 973.015 "encompasses both court-ordered conditions and DOC-imposed rules of probation." ***Lickes***, 394 Wis. 2d 161, ¶30; *see* ***Kalal***, 271 Wis. 2d 633, ¶46.

¶12    The State argues that Reed is not entitled to expungement because he has failed to comply with two of the three conditions of probation imposed at sentencing. The record reflects that Reed completed his term of probation—he was not revoked from probation and he did not commit additional crimes. Reed's conditions of probation were (1) no criminal conduct, (2) ten hours of community service, and (3) restitution of $2,099.97 and court costs, assessments and surcharges. Here, the record only clearly shows that Reed was not "involved in any conduct that rises to the level of a finding of probable cause that you have violated the criminal law." The State argues that Reed offers no proof that he completed ten hours of community service.[6] The State asserts, and the record reflects, that Reed has not paid any of the restitution and costs. Therefore, the

---

[6] Reed objects to the State's characterization that it is an undisputed fact that he did not complete community service. We address Reed's argument to the contrary below, but we note that the record reflects no notification or verification to the court that Reed completed his community service.

State argues Reed has not satisfied the conditions of probation and he is not entitled to expungement.

¶13    We turn to Reed's three arguments to the contrary:  (1) that the conversion of the unpaid restitution and costs to civil judgments satisfied his monetary condition of probation; (2) that his discharge from probation is proof that he satisfied all conditions of probation; and (3) that it would be an equal protection violation to deny him expungement because he is indigent.

    I.    *Reed argues the conversion of his unpaid restitution and costs to civil judgments satisfied his monetary conditions of probation.*

¶14    Reed contends that the circuit court erred in its conclusion that the conversion of the unpaid restitution and costs to civil judgments did not satisfy the conditions of probation.  To understand Reed's argument, we must consider three things:  first, the language of the statute, which was described above; second, the court's oral pronouncement at sentencing; and third, the judgment of conviction entered by the clerk of the circuit court.  The following is the relevant excerpt of the circuit court's oral pronouncement at Reed's sentencing:

> Conditions of the probation are, first of all, that you not be involved in any conduct that rises to the level of a finding of probable cause that you have violated the criminal law, next that you pay restitution of $2,099.99 to Radio Shack, next that you pay the appropriate court costs, assessments and surcharges that come along with the action.
>
> ….
>
> Any monetary amount that remains unpaid when probation is terminated is ordered reduced to a judgment against you for the unpaid balance.
>
> ….
>
> So I will order expungement upon the defendant's proof to the Court that he has successfully completed the

period of probation with all of the requirements that the
Court has listed as conditions of probation.

Finally, on the judgment of conviction, under the comments for the conditions for costs, it states: "Pay costs, assessments and surcharges or a civil judgment is to be entered against the defendant." Under the comments for conditions for restitution, it states: "Pay restitution of $2,099.99 to Radio Shack or a civil judgment is to be entered against defendant."

¶15 Reed asserts that the presence of the conjunction "or" in the comments on the conditions of probation listed on the judgment of conviction means that the circuit court provided a choice for how Reed could satisfy his monetary conditions of probation: he could either pay restitution and costs or he could accept a civil judgment being entered against him. In support, Reed offers various legal authorities positing that "or" is a disjunctive term in statutory interpretation. *See e.g.* ***Beaver Dam Cmty. Hosps., Inc. v. City of Beaver Dam***, 2012 WI App 102, ¶10, 344 Wis. 2d 278, 822 N.W.2d 491 ("The ordinary meaning of 'or' is disjunctive, meaning that a category that is included in a list of categories linked by the term 'or' is one alternative choice."). Reed then contends that because the civil judgments were entered against him for the restitution and costs, he has satisfied this condition.

¶16 Reed asserts that the circuit court's oral pronouncement of a payment plan supports that the circuit court offered him a choice to either pay restitution and costs or have a civil judgment entered against him. In the sentencing hearing, the circuit court questioned Reed on his job prospects. Upon hearing that Reed had a probable construction job making $10 per hour, the court stated, "You should be making payments on those amounts that I've ordered at the rate of at least $200 per month starting as of May 1st. If you're gonna be making

that kind of money where you're living right now, you should be able to make those payments." Reed points out that a payment plan of $200 a month during the probation period would equal eleven payments from May 2013 through March 2014, for a total of $2,200. However, at the time the time of sentencing and the judgment was entered, he owed almost $2,600. Reed argues that it would be illogical that the circuit court would have imposed a condition of probation Reed could not possibly meet if he complied with the payment plan. Reed then asserts that the circuit court's sentencing would be logical if the court was imposing restitution or civil judgment.

¶17 Reed's argument that he could satisfy his condition of probation by choosing a civil judgment is problematic for multiple reasons. First, we take issue with Reed's characterization of the circuit court's sentencing language. Having reviewed the sentencing hearing transcript thoroughly, the record does not reflect that the circuit court told Reed he had to pay restitution or accept a civil judgment. The circuit court correctly explained Wisconsin law, namely that Reed had to make restitution and that "[a]ny monetary amount that remains unpaid when probation is terminated is ordered reduced to a judgment against you for the unpaid balance." We would not characterize the court's pronouncement as a choice; at most, we would describe this fact as a consequence for having unpaid restitution.

¶18 The next issue with Reed's argument is that, as the State argues, nothing in the circuit court's language limited Reed's payments to what he could accomplish in eleven monthly payments. In addressing a very similar argument, our supreme court held that "when a court has considered the defendant's ability to pay in setting restitution, the length of the term of probation or of the sentence does not have any limiting effect on the total amount of restitution that may be

9

ordered." ***State v. Fernandez***, 2009 WI 29, ¶64, 316 Wis. 2d 598, 764 N.W.2d 509. Further, our supreme court concluded that the statutory conversion of unpaid restitution to civil judgments signified that "the legislature recognized that there would be circumstances where all the necessary restitution amounts often would not and could not be paid before the completion of the sentence or probationary period." ***Id.***, ¶63. The court court's payment plan did not set a maximum amount that Reed could pay each month. There is nothing in the record to show that ***Fernandez*** would not apply to Reed's case.

¶19    Finally, Reed argues that the judgment of conviction would control because there was ambiguity in the circuit court's oral pronouncement. To understand this argument, we must consider Wisconsin law on sentencing. In ***State v. Oglesby***, 2006 WI App 95, 292 Wis. 2d 716, 715 N.W.2d 727, we considered the legal axioms when faced with conflict between the oral pronouncement of sentencing and the judgment of conviction. "When an unambiguous oral pronouncement at sentencing conflicts with an equally unambiguous pronouncement in the judgment of conviction, the oral pronouncement controls." ***Id.***, ¶16. We then adopted the test for ambiguity employed in statutory construction namely, that ambiguous language is that which is "capable of being understood by reasonably well-informed persons in two or more different ways." ***Id.***, ¶ 19. "[W]hen an omission in an oral pronouncement creates an ambiguity, the appellate court is required to determine the trial court's sentencing intent from other parts of the record, including the judgment of conviction." ***Id.***, ¶ 20. However, the appellate examination of the record must reveal relevant information about the circuit court's intent beyond "the bald statement in the judgment of conviction" in order to conclude that the judgment of conviction would rebut the court's oral pronouncement. ***Id.***, ¶ 33.

10

¶20     With that in mind, our review of the record shows no ambiguity in the circuit court's oral pronouncement of the conditions of probation. The only evidence that supports a choice about how Reed could satisfy that condition is the "bald statement in the judgment of conviction." *See id.* Reed has failed to show that the circuit court's oral pronouncement was ambiguous or that the record reflects additional information that supports the alleged choice in the judgment of conviction. Therefore, we conclude that the circuit court's judgment of conviction did not establish that Reed had a choice about how he could satisfy the monetary conditions of his probation. Further, the circuit court's oral pronouncement comports with the statutes.

> II.     *Reed argues that termination of probation is proof he satisfied he conditions of probation.*

¶21     Reed's second argument is that the termination of his probation is proof that he satisfied the conditions of probation, and therefore he is entitled to automatic expungement. *See **Hemp**,* 359 Wis. 2d 320, ¶24 ("In accordance with the plain language of WIS. STAT. § 973.015, Hemp's successful completion of probation automatically entitled him to expungement of his conviction.")

¶22     Reed argues that because DOC terminated his probation at the end of the original probation period in March 2014 instead of seeking to extend his probation for failing to pay his unpaid restitution and costs, he has satisfied the conditions of probation. *See* WIS. STAT. § 973.09(3)(b) (providing that unpaid restitution may result in an extension of the probation period or a revocation of probation after a probation review hearing, and that if probation is not extended, the court will issue a civil judgment for unpaid restitution). He contends that the termination of probation means that all of the conditions of probation have been satisfied.

11

¶23 Reed's argument is merely a variation of the position rejected in *Ozuna*. Our supreme court concluded that "the mere fact that a probationer has completed the term of probationary supervision without revocation does not necessarily establish that the probationer has also satisfied the conditions of probation." *Id.*, 376 Wis. 2d 1, ¶13. As we explained in *Lickes*, conditions of probation "encompasses both court-ordered conditions and DOC-imposed rules of probation." *Id.*, 394 Wis. 2d 161, ¶30. Here, the record reflects that Reed was successfully terminated from probation, as evidenced by a letter from DOC, and we have no record that Reed violated any DOC rules. However, the court imposed two other conditions—community service and restitution and costs. Although in some cases, DOC has informed the court about court-ordered conditions during probation, here, the record does not reflect any commentary or confirmation from DOC on either condition. *See Ozuna*, 376 Wis. 2d 1, ¶20. Reed has not developed a legal argument that supports that we should accept an absence of verification information in the record as proof of his compliance. As a general rule, we do not develop legal arguments for parties. *See State v. Stewart*, 2018 WI App 41, ¶29, 383 Wis. 2d 546, 916 N.W.2d 188. Therefore, we conclude that Reed's termination of probation does not signify that he satisfied all conditions of probation.

> III. *Reed argues that denying his expungement petition because he is unable to pay restitution and costs violates his equal protection rights.*

¶24 Reed's final argument is that the denying his expungement because he failed to pay his restitution and costs due to his claim of indigence violates his equal protection rights. To challenge the constitutionality of a statute on the basis that it "denies equal protection of the law, a party must demonstrate that the statute treats members of similarly situated classes differently." *Blake v. Jossart*, 2016

12

WI 57, ¶30, 370 Wis. 2d 1, 884 N.W.2d 484. Reed argues that by failing to allow the civil judgment to satisfy his monetary conditions of probation, he is being denied equal protection under the law to be entitled to expungement. Reed contends that the State has created two classes of people: those who can afford to pay their restitution and costs during the period of probation and those who cannot afford to pay. He argues that requiring the payment of court-ordered costs means that the indigent are unable to benefit from expungement.

¶25 The State asserts that Reed failed to raise an equal protection claim at the circuit court; therefore, he forfeits raising it now. *State v. Ndina*, 2009 WI 21, ¶30, 315 Wis. 2d 653, 761 N.W.2d 612 ("[F]ailure to object constitutes a forfeiture of the right on appellate review."). The State further argues that even a constitutional issue must be preserved at the circuit court or postconviction proceeding in order to raise it on appeal. *See State v. Huebner*, 2000 WI 59, ¶10, 235 Wis. 2d 486, 611 N.W.2d 727 ("Issues that are not preserved at the circuit court, even alleged constitutional errors, generally will not be considered on appeal.").

¶26 Reed responds that a constitutional question may be raised for the first time on appeal. *See Bradley v. State*, 36 Wis. 2d 345, 359–359a, 153 N.W.2d 38 (1967) (holding that the state supreme court "may nevertheless decide a constitutional question not raised below if it appears in the interests of justice to do so and where there are no factual issues that need resolution."). Reed's reliance on *Bradley* is misplaced because his challenge to the constitutionality of the expungement statute on equal protection grounds is not based on an evidentiary

error or a defect in trial proceedings,[7] and we find ***Bradley*** inapplicable to review his unpreserved equal protection claim. In any case, ***Bradley*** allows an appellate court the opportunity to review certain constitutional questions, it does not mandate such a review. Generally, we consider forfeiture to be "a rule of judicial administration, and thus a reviewing court may disregard a forfeiture and address the merits of an unpreserved issue in an appropriate case." ***State v. Counihan***, 2020 WI 12, ¶27, 390 Wis. 2d 172, 938 N.W.2d 530. We conclude that Reed has not presented an appropriate case and, therefore, we decline to address the substance of Reed's equal protection claim.

## CONCLUSION

¶27 We conclude that Reed failed to satisfy the conditions of probation set at sentencing; therefore, he failed to successfully complete his sentence, and he is not entitled to expungement of his conviction under WIS. STAT. § 973.015. The circuit court did not err when it denied Reed's petition for expungement.

*By the Court.*—Order affirmed.

This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)4.

---

[7] We note that the state supreme court also concluded "that the rule of ***Bradley v. State***, *supra*, has been applied 'only to evidentiary errors which have a direct constitutional basis, such as the admission of evidence derived from an illegal search and seizure, illegal identification testimony; involuntary self-incriminating statements; use of ex parte evidence.'" ***Maclin v. State***, 92 Wis. 2d 323, 330, 284 N.W.2d 661 (1979).