# COURT OF APPEALS
## DECISION
## DATED AND FILED

## April 13, 2023

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2022AP1065**

**STATE OF WISCONSIN**

Cir. Ct. No. **2022TR274**

**IN COURT OF APPEALS
DISTRICT IV**

---

COUNTY OF GRANT,

    PLAINTIFF-RESPONDENT,

V.

BRAD ALAN HOCHHAUSEN,

    DEFENDANT-APPELLANT.

---

APPEAL from a judgment of the circuit court for Grant County: CRAIG R. DAY, Judge. *Reversed in part and cause remanded with directions*.

¶1 NASHOLD, J.[1] Brad Hochhausen appeals a part of his judgment that suspended his operating privileges for 15 days under WIS. STAT. § 343.30(1n).

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(b) (2021-22). All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

Because I conclude that the 15-day mandatory suspension in § 343.30(1n) does not apply here, I reverse the suspension.

## BACKGROUND

¶2 Hochhausen was cited for speeding. The citation alleged that Hochhausen was driving 86 miles per hour (mph) in a 55-mph zone on U.S. Highway 61 in Grant County, contrary to WIS. STAT. § 346.57(4)(h), as adopted by GRANT COUNTY ORDINANCE 267-1.[2]

¶3 It is undisputed that there are signs on Highway 61 posting a speed limit of 55 mph. Hochhausen filed a motion to dismiss the citation, arguing that WIS. STAT. § 346.57(4)(h) applies only in the absence of any other fixed speed limits or the posting of such limits. *See* § 346.57(4)(h) (establishing speed limit as follows: "In the absence of any other fixed limits or the posting of limits as required or authorized by law, 55 miles per hour.") He argued that, because

---

[2] GRANT COUNTY ORDINANCE 267-1 provides:

> Except for the suspension or revocation of motor vehicle licenses, all provisions of Chs. 341 to 348 and 350, inclusive, Wis. Stats., describing and defining regulations with respect to vehicles and traffic for which the penalty is a forfeiture only, including forfeitures to be imposed and procedure for prosecution, are hereby adopted and by reference made a part of this article as if fully set forth herein. Any act required to be performed or prohibited by any statute incorporated herein by reference is required or prohibited by this article.

GRANT COUNTY, WIS., ORDINANCES, ch. 1, § 267-1 (2012) (https://ecode360.com/12827071). Thus, conduct constituting a violation WIS. STAT. § 346.57(4)(h) is also a Grant County ordinance violation. The same is true with respect to § 346.57(5), discussed *infra.* For ease of reading, going forward I discuss the statutory provisions only, without reference to the county ordinance incorporating them.

Highway 61 has posted signs indicating a speed limit of 55 mph, § 346.57(4)(h) is inapplicable.

¶4     The circuit court held a hearing on Hochhausen's motion and agreed that dismissal was warranted for the reasons Hochhausen argued. However, the court allowed the prosecutor to either move to amend or refile the citation. The prosecutor moved to amend the citation to allege a violation of WIS. STAT. § 346.57(5), and the court granted the motion. Section 346.57(5) provides that "no person shall drive a vehicle in excess of any speed limit established pursuant to law by state or local authorities and indicated by official signs."

¶5     At a subsequent hearing, Hochhausen entered a plea of no contest to the amended charge of speeding under WIS. STAT. § 346.57(5) and was convicted of that offense. The County recommended a 15-day suspension of Hochhausen's operating privileges and a civil forfeiture. Hochhausen argued that the 15-day mandatory suspension set forth in WIS. STAT. § 343.30(1n)[3] does not apply to an offense under § 346.57(5). The circuit court disagreed and imposed the 15-day mandatory suspension under § 343.30(1n). Hochhausen appeals, challenging the mandatory suspension.

**DISCUSSION**

¶6     Hochhausen argues that the circuit court erred in applying the 15-day mandatory suspension set forth in WIS. STAT. § 343.30(1n). This appeal

---

[3] The text of this statute is set forth and analyzed in the Discussion section of this opinion.

3

requires that I construe § 343.30(1n) and related statutory provisions, WIS. STAT. § 346.57(4) and (5).

¶7    "[S]tatutory interpretation begins with the language of the statute. If the meaning of the statute is plain, [the court] ordinarily stops the inquiry." *State ex rel. Kalal v. Circuit Ct. for Dane Cnty.*, 2004 WI 58, ¶45, 271 Wis. 2d 633, 681 N.W.2d 110 (internal quotation marks and quoted source omitted). "Statutory language is given its common, ordinary, and accepted meaning, except that technical or specially-defined words or phrases are given their technical or special definitional meaning." *Id.* "In construing or interpreting a statute the court is not at liberty to disregard the plain, clear words of the statute." *Id.*, ¶46 (internal quotation marks and quoted source omitted). Statutory interpretation is an issue of law subject to de novo review. *See State v. Ozuna*, 2017 WI 64, ¶9, 376 Wis. 2d 1, 898 N.W.2d 20.

¶8    The 15-day mandatory suspension at issue in this case is set forth in WIS. STAT. § 343.30(1n), which provides in relevant part: "A [circuit] court shall suspend the operating privilege of a person for a period of 15 days upon the person's conviction by the court of exceeding the applicable speed limit as established by [WIS. STAT. §] 346.57(4)(gm) or (h), by 25 or more miles per hour." Hochhausen argues that, because his conviction is not for "exceeding the applicable speed limit as established by [§] 346.57(4)(gm) or (h)," but is instead a conviction for exceeding the applicable speed limit as established by § 346.57(5), the mandatory suspension in § 343.30(1n) is inapplicable. For the reasons set forth below, I agree.

¶9    It is undisputed that the circuit court concluded that Hochhausen could not be cited for violating WIS. STAT. § 346.57(4)(h) and therefore allowed

4

the County to amend the citation to allege a violation of § 346.57(5) in place of § 346.57(4)(h). It is also undisputed that Hochhausen was subsequently convicted of violating § 346.57(5). I agree with Hochhausen that, under the plain language of WIS. STAT. § 343.30(1n), his conviction for violating § 346.57(5) is not a "conviction by the court of exceeding the applicable speed limit as established by [§] 346.57(4)(gm) or (h)." *See* § 343.30(1n).

¶10    This interpretation is also supported by the relevant statutory language in WIS. STAT. § 346.57. Section 346.57(5), governing "zoned and posted limits," provides in pertinent part that "no person shall drive a vehicle in excess of any speed limit established pursuant to law by state or local authorities and indicated by official signs." In contrast, paragraphs (gm) and (h), in subsection (4) governing "fixed limits," state in relevant part:

> **(4)** FIXED LIMITS. … [N]o person shall drive a vehicle at a speed in excess of the following limits unless different limits are indicated by official traffic signs:
>
> ….
>
> **(gm)**
>
> 1. Except as provided in subd. 2., 65 miles per hour on any expressway.
>
> 2. Seventy miles per hour on any freeway, including freeways that are a part of the national system of interstate and defense highways, and on any portion of an expressway that gives preference to through traffic by utilizing interchanges only.
>
> **(h)** In the absence of any other fixed limits or the posting of limits as required or authorized by law, 55 miles per hour.

Sec. 346.57(4)(gm), (h). The "zoned and posted limits" set forth in subsection (5) are distinct from the "fixed limits" in subsection (4), including the limits set forth

5

in paragraphs (4)(gm) and (h). Indeed, the circuit court recognized this legal distinction when it agreed with Hochhausen that, because the 55-mph speed limit on Highway 61 was posted, Hochhausen could not be cited for violating § 346.57(4)(h) but could be cited for violating § 346.57(5).

¶11 The position of both the circuit court and the County is that the mandatory suspension should apply because the posted limit in this case—55 mph—is numerically the same as the fixed limit established by WIS. STAT. § 345.57(4)(h). The circuit court concluded that "regardless of the section under which the citation is issued, if the speed is more than twenty-five miles per hour in excess of the statutory or posted limit, … the provisions of the mandatory fifteen-day suspension do apply." In reaching this conclusion, the court construed WIS. STAT. § 343.30(ln) to mean that the speed limits "established by" WIS. STAT. § 346.57(4)(gm) and (h) are 55, 65, and 70. Thus, under the court's interpretation, Hochhausen was convicted of exceeding the applicable speed limit as "established by" § 346.57(4)(h) by 25 or more mph, and the mandatory suspension therefore applies. This interpretation is contrary to the plain language of §§ 343.30(ln) and 346.57(4)(h).

¶12 The 55-mph speed limit established by WIS. STAT. § 346.57(4)(h) applies only "in the absence of any other fixed limits or the posting of limits as required or authorized by law." The 55-mph speed limit on Highway 61 is a posted speed limit and therefore that speed limit is not "established by" § 346.57(4)(h). *See* WIS. STAT. § 343.30(1n). Thus, under the plain language of §§ 343.30(1n) and 346.57(4)(h), the 15-day mandatory suspension is not applicable here.

¶13 The County also offers what it says is a "contextual" interpretation of WIS. STAT. § 346.57(4)(h)'s phrase "in the absence of any other fixed limits." *See Kalal*, 271 Wis. 2d 633, ¶46 ("[S]tatutory language is interpreted in the context in which it is used; not in isolation but as part of a whole; in relation to the language of surrounding or closely-related statutes ….").  The County argues that the phrase "[i]n the absence of any other fixed limits" as used in § 346.57(4)(h) refers to the speed limits delineated in § 346.57(4)(a) through (gm) and (i) through (k)—namely, the 15, 25, 35, 45, 65 and 70-mph speed limits.  According to the County, it is reasonable to read "in the absence of any other fixed limits" to mean "that in the absence of any of those other" speed limits, the speed limit is 55 mph. This argument fails, however, because, at a minimum, it completely ignores the language in § 346.57(4)(h) that governs here—specifically, the phrase "or the posting of limits as required or authorized by law."  As stated, it is undisputed that the 55-mph speed limit is posted on Highway 61 as required or authorized by law. Therefore, the speed limit was not "as established by" § 346.57(4)(h), as required for the 15-day mandatory suspension under WIS. STAT. § 343.30(1n).

¶14 The County also argues that Hochhausen's interpretation leads to "absurd" results.  *See Kalal*, 271 Wis. 2d 633, ¶46 (statutory language is interpreted, where possible, to avoid absurd or unreasonable results).  Specifically, the County notes that, under this interpretation, a person is subject to the mandatory suspension for exceeding the speed limit by 25 mph or more if the speed limit is *not* posted but would not be subject to the mandatory suspension if that same speed limit is *posted* (and therefore more noticeable).

¶15 As previously noted, however, this court is bound by the plain language of these statutes.  To the extent that there may be unintended or

anomalous consequences from applying this clear statutory language, that is for the legislature—not this court—to fix.

¶16 Accordingly, I reverse the judgment with respect to the suspension and this action is remanded with directions to amend the judgment to remove the 15-day mandatory suspension under WIS. STAT. § 343.30(1n).[4]

*By the Court.*—Judgment reversed in part and cause remanded with directions.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.

---

[4] I note that, during proceedings before the circuit court, the court and parties agreed that the court had discretionary authority under WIS. STAT. § 343.30(1) to suspend Hochhausen's operating privileges for up to one year. I do not address this provision, however, because the court explicitly stated that it was suspending Hochhausen's operating privileges pursuant to § 343.30(1n) rather than § 343.30(1). Separately, I observe that neither party argues that this case is moot due to the expiration of the 15-day mandatory suspension. Therefore, I likewise do not address this issue.